## WILSON VS. PLANK.

NEW TRIAL. *(1) General rule as to new trial for newly discovered evidence. (2) "Cumulative evidence" defined. (3) Abuse of discretion in refusing new trial.*

1. A new trial will not be granted for newly discovered evidence, unless the party moving satisfies the court that such evidence came to his knowledge after the trial; that he was not negligent in seeking to discover it; and that it is both material to the issue, and *not merely cumulative.*
2. In the sense of this rule, testimony is not merely cumulative when it tends to prove a distinct *fact* not testified to at the trial, although other evidence may have been introduced by the moving party tending to support the same *ground of claim or defense* to which such fact is pertinent.
3. Upon the affidavits read on hearing the motion for a new trial herein, on the ground of newly discovered evidence, this court is of opinion that the denial of the motion was not a sound and proper exercise of discretion.

APPEAL from the Circuit Court for *Portage* County.

Action to recover damages for the alleged forcible and unlawful taking of a portable steam-engine by the defendant from the plaintiff. The answer contains a general denial, together with an averment that the defendant took the engine by the license and permission of the plaintiff; and further, that the engine was formerly owned by one Crow and one Felker, who sold the same to W. C. Carver, and took from him a chattel mortgage thereon to secure the payment of $500 of the price thereof; and that the defendant took the engine by virtue of such mortgage, at the request of Crow and Felker, the mortgagees.

It appeared on the trial that the plaintiff and Carver had negotiations with Felker for the purchase of the engine; and the contract seems to have been closed by the plaintiff and

Felker on the 6th of June. The agreed price for the engine was $1,000, to be paid in two indorsed notes for $500 each, due in one and two years. The plaintiff testified that on that occasion he delivered to Felker a note for $500, signed by himself and one Bridge, in part payment for the engine, but admits that the note was afterwards surrendered to him. Felker testified that no such note was ever delivered to him. Two days later, Crow and Felker received from Carver a note for $500, signed by plaintiff and one Updegrove; and Carver also executed and delivered to Crow and Felker his note for $500, payable in thirty days, and a chattel mortgage on the engine and other property to secure the payment of such note. Thereupon Crow and Felker delivered the engine to Carver, and the same was placed in the mill of the latter, which mill was operated and carried on by him and the plaintiff jointly. Crow accepted the note signed by Updegrove, as his share of the price of the engine, by consent of Felker.

The defendant took the engine as the agent of Crow and Felker, or of the latter, by virtue of the chattel mortgage, which by its terms authorized such taking.

The questions mainly litigated upon the trial are the following: 1. Was Carver interested in the purchase of the engine? 2. Was the mortgage given to secure a portion of the price of the engine, or merely as security that Carver should deliver it uninjured to the plaintiff? 3. Did the plaintiff ratify and affirm the act of Carver in giving the mortgage? and 4. Did the plaintiff voluntarily consent that the defendant might take the engine?

On each of these questions the evidence is very conflicting. The only evidence tending directly to show a subsequent recognition of the chattel mortgage by the plaintiff, is a postal card sent by him to Felker on the day the mortgage debt became due, as follows: "Keene, *July 8, 1874.* Mr. Felker: Dear Sir — That mortgage you have is out to-day, and I will come down and see you this week and settle matters. Yours

Wilson vs. Plank.

in haste, JAS. WILSON." The mortgage mentioned in the communication is the one executed by Carver on the engine.

The jury found for the plaintiff, and assessed his damages at $1,094.10. Afterwards, upon a case duly settled, and upon affidavits, the defendant moved for a new trial. On the hearing of the motion, the plaintiff read several affidavits in opposition thereto. The contents of these affidavits are sufficiently stated in the opinion. The court denied the motion; judgment for plaintiff was entered pursuant to the verdict; and defendant appealed therefrom.

For the appellant, a brief was filed signed by *Browne & Bump*, and there was oral argument by *Mr. Browne*. For the respondent, the cause was submitted upon a brief signed by *O. H. Lamoreux* as attorney, and by *D. Lloyd Jones*, of counsel.

LYON, J. We find nothing in the record which will justify a reversal of the judgment for any alleged error committed on the trial, and shall therefore confine our remarks on the case to the question whether a new trial should have been granted.

The rule is elementary, that a new trial will not be granted on the ground of newly discovered evidence, unless the party moving therefor satisfy the court: 1. That such evidence came to his knowledge after the trial; 2. That he was not negligent in seeking to discover it; 3. That it is material to the issue; and 4. That it is not merely cumulative to testimony introduced on the trial. It is also well settled that the appellate court will not disturb the order of the court below, granting or refusing a new trial, unless it is manifest that the discretion of the court has been improperly exercised.

The affidavits on behalf of the defendant, read on the hearing of the motion for a new trial, are to the following effect:

1. That the defendant endeavored before the trial to ascertain what Mr. Crow knew of the case, but the latter concealed

from him the fact that his testimony would or might be material to him; that Crow would testify on another trial, that after this action was commenced, he charged the plaintiff with falsehood, in that he claimed he had delivered to Felker two $500 notes, and the plaintiff did not deny the charge, but said he only wanted Felker to surrender the Updegrove note, and he did not claim that there was any other note outstanding; that the plaintiff then proposed to give another chattel mortgage for $500 on the engine, and made and signed such a mortgage, and placed it in Crow's hands for Felker, but the latter refused to accept it.

2. That the defendant used considerable diligence to find one Weymouth, who was present when the engine was taken, and who, he supposed, was cognizant of facts material to the issue, for the purpose of obtaining his testimony to be used on the trial, but failed to find him. Weymouth had recently removed to another county. He would testify on another trial that plaintiff made no objection to the removal of the engine, and said he was glad it was going away; and that he heard plaintiff say he was going to help Carver buy the engine, and afterwards, that he and Carver had bought it of Crow and Felker, and owed them $500.

3. That if another trial is had, the defendant believes he can procure the testimony of one S. Turner, a resident of Minnesota, which as yet he has been unable to procure, to the effect that soon after the engine was taken from the plaintiff, the latter informed Turner that he was indebted to Crow and Felker in the sum of $500 on the chattel mortgage mentioned in the answer, and was so indebted when the engine was taken from him.

4. That Crowell, who wrote the chattel mortgage and who was not called as a witness on the trial, will testify that the agreement between Felker and Carver when the mortgage was given, was, that when the mortgage became due it was to be replaced by a note for $500 having one year or more to run.

Counter affidavits were read on behalf of the plaintiff, for the purpose of showing that the alleged newly discovered evidence was untrue, and that, if true, the defendant had not used due diligence to procure the same in time to be used on the trial of the cause.

We are satisfied that all of the alleged newly discovered evidence is material to the defense of the action. Had Crow, Weymouth, Turner and Crowell testified as above on the trial, their testimony might have had a controlling influence upon the minds of the jury in determining whether Carver had authority to give the chattel mortgage, and whether the plaintiff ratified it after it was given, or gave the defendant license to take the engine. Had the jury heard and believed the testimony, it is quite possible, perhaps probable, that a different verdict would have been returned. The most important of the alleged newly discovered testimony is that of Crow and Weymouth, and we are satisfied that the defendant used proper diligence before the trial to ascertain what he could prove by the former, and to procure the testimony of the latter.

Under the rule above stated, it would seem to follow that a new trial should be awarded, unless such testimony is merely cumulative. Such testimony certainly tends to prove propositions of fact which were litigated on the trial, and to prove which the defendant introduced evidence. In that sense the testimony is cumulative. But that is not the sense in which the term is employed in the rule. Discussing this subject in *Waller v. Graves*, 20 Conn., 311, CHURCH, C. J., says: "From some of the cases on this subject, it may, perhaps, be inferred, that courts have supposed all additional evidence to be cumulative merely, which conduced to establish the same ground of claim or defense before relied upon, and that none would be available for a new trial unless it disclosed or established some *new ground*. But this does not seem to us to be the true rule, as recognized in the best considered cases. There

are often various distinct and independent facts going to establish the same ground, on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative within the true meaning of the rule on this subject. * * * * Suppose a question on trial to be, whether the note of a deceased person has been paid, and witnesses have been introduced testifying to various facts conducing to prove such payment, and, after a verdict for the plaintiff, the executor should discover a receipt or discharge in full, or had discovered that he could prove the deliberate confession of the plaintiff of the payment of the note. There could be no question, in such a case, but a new trial should be granted, although the new facts go to prove the former ground of defense." In *Guyott v. Butts*, 4 Wend., 579, where the same subject was considered, MARCY, J., said: "The facts may tend to prove the same proposition, and yet be so dissimilar in kind as to afford no pretense for saying they are cumulative." And in *Parker v. Hardy*, 24 Pick., 246, it was held that additional evidence tending to prove the same proposition is not cumulative, if it relates to a new and distinct fact. The only question litigated on the trial of that case was, whether the plaintiff had authorized one Smart to sell his (the plaintiff's) horse. The defendant introduced testimony on the trial tending to prove such authority, but introduced no testimony of the plaintiff's confession. After verdict for the plaintiff, the defendant moved for a new trial on the ground that he had discovered a witness who would testify that the plaintiff told witness he had authorized Smart to sell the horse. It was held that this was not cumulative testimony, although the motion was denied on other grounds.

We think the correct rule is stated in the above cases; and an application of the rule to the present case demonstrates that the alleged newly discovered evidence, or at least some very material portions of it, is not cumulative.

A perusal of the record leaves the conviction in our minds that the case has not been as fully and thoroughly tried as it ought to be before the rights and liabilities of the parties are finally determined. We believe that the ends of justice will be promoted by granting a new trial, and that the refusal of the learned circuit judge to grant it was not, under the circumstances, a sound and proper exercise of discretion.

For the above reasons the judgment must be reversed, and the cause remanded with directions to the circuit court to award a *a venire facias de novo* on such terms as that court shall deem just.

*By the Court.* — So ordered.