LOUCHEINE vs. STROUSE and another.

*May 28 — June 23, 1880.*

PRACTICE: OPENING JUDGMENT to let in answer. *(1) Good answer must be tendered. (2) Newly discovered evidence.*

1. Where judgment is rendered upon a frivolous answer, without leave to answer over, and afterwards defendant files affidavits and asks leave to answer on the ground of newly discovered evidence, without *tendering an answer showing a good defense*, with affidavits showing a probability of his sustaining it, leave should be denied.
2. Where the action is upon a judgment, and the claim of newly discovered evidence is merely that a certain person who committed willful perjury on the trial which resulted in such judgment, will appear as a witness for defendant and give evidence of a contrary character, it is error to grant a new trial on that ground.

APPEAL from the Circuit Court for *La Crosse* County.

Plaintiff appealed from an order vacating a judgment rendered in his favor and allowing the defendants to answer.

For the appellant there was a brief by *Cameron, Losey & Bunn,* and oral argument by *Mr. Bunn.*

For the respondents there was a brief by *Hugh Cameron* and *William Hull,* and oral argument by *Mr. Cameron.*

ORTON, J. There are two sufficient grounds for the reversal of the order setting aside the judgment and granting a new trial in this case:

*First.* The defendants should have tendered an answer setting up a good defense, supported by proper affidavits showing the probability of sustaining it. The judgment was rendered upon frivolous answer, without any leave to answer over, on the 18th day of July, 1878. The defendants moved, on the 3d day of June, 1879, for a vacation of the judgment, and for leave to file an amended answer upon certain affidavits; and such motion was granted without presenting any such amended answer, or any answer. No irregularity in the rendition of the judgment was complained of, and the ground for the motion, as appears from the affidavits, was . newly discovered evidence, so that the granting of the motion was in the discretion of the court, and the case falls clearly within the imperative rule adopted and sanctioned in *Levy et al. v. Goldberg,* 40 Wis., 308, and in several other cases in this court.

*Secondly.* The affidavits show that on the original trial in the state of Minnesota, which resulted in the judgment herein sued upon, one Louis Schlessinger was a witness, and committed perjury in testifying upon a vital and material question in the cause, and that now, upon a new trial in this action, he will testify to the truth and in favor of the defendants upon such question. This is all the newly discovered evidence claimed upon which a new trial was asked, and it hardly amounts to newly discovered evidence, but is more properly newly discovered perjury. The evidence of this witness on another trial, in contradiction of his evidence on the same point on the original trial, would be entirely unreliable and not entitled to any weight without corroboration by some credible evidence also newly discovered, and would not, of itself alone, amount to newly discovered testimony. He admits in his affidavit having committed, on the original trial upon such point, willful and corrupt perjury. In such case, the maxim, *falsus in uno falsus in omnibus,* has application, and on another trial his testimony on such point may be utterly disregarded. Starkie on Evidence, 820, note 1; *Callanan v.*

*Shaw*, 24 Iowa, 447; *Brennan v. The People*, 15 Ill., 516; *Mercer v. Wright*, 3 Wis., 645. A judgment rendered regularly ought not to be set aside on the unsupported affidavit of an admitted perjurer that he will swear to the truth on another trial; and it is not claimed in the affidavits that any other evidence has been newly discovered; and we think that it was an abuse of judicial discretion to grant the motion.

*By the Court.*— The order of the circuit court is reversed, with costs.