Lewis, Respondent, vs. Newton, Appellant.

*May 2 — May 22, 1896.*

Contracts: Master and servant: Term of employment: Evidence: Offers:
New trial.

1. A letter by plaintiff, a saw filer, asking defendant, a sawmill owner, about "the coming sawing season," "how long a run" he expected to have, and what he was willing to pay plaintiff "to come and keep the saws up;" a letter by defendant in reply, stating what he would pay plaintiff and that he expected to have a good season's work, and requesting plaintiff to answer at once and let him know whether he was coming or not; and an acceptance by plaintiff of the offer contained in such reply — constituted a contract of employment for the season, or at least as long as the defendant ran his mill.

2. An offer of the oral testimony of a witness who has not been sworn and is not in court is properly rejected; and the rejection of such an offer is not error, even though the witness came into the court room while the offer was being made, where it does not appear that the court was informed of his presence or that there was any refusal to allow him to be sworn.

3. A new trial on the ground of newly discovered evidence was properly refused in such a case, where no adequate excuse was shown for not having the witness in court at the trial.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

On March 1, 1894, the plaintiff, being at Newbern, N. C., wrote to the defendant, at Ashland, to the effect that he thought he would write him in regard to the coming sawing season, and requested the defendant to write him a letter as to how long a run he expected to have, and if he was going to run nights, and what he was willing to pay to the plaintiff to come and keep the saws up; that he had offers from other parties, but would not make any arrangements until he heard from the defendant. To that letter the defendant answered, under date of March 6, 1894, to the effect that he would pay the plaintiff $12 for the day run, and $15 for the day and

night; that he could not say whether he would run nights or not, but thought he would have a good season's work, and requested an answer at once, and to let him know whether he (the plaintiff) was coming or not, and not to wait until the last minute and then say that he could not come; and that he should look for an early reply. Thereupon the plaintiff returned to Ashland, March 17, 1894, and accepted the defendant's proposition contained in the letter, at the rate of $12 per day.

The plaintiff commenced work for the defendant May 7, 1894, under the contract stated. He continued to work for him until May 15, 1894, when the defendant discharged the plaintiff, and paid him $93, the amount of his wages up to that date. On May 16, 1894, the plaintiff notified the defendant that he was ready and willing to perform his contract with the defendant for filing in his mill, and ready to work at any time and at all times under the same, and insisted upon the defendant's performing his part of the contract, and that he would hold him liable under it. The defendant thereupon informed the plaintiff that he recognized no claim whatever by the plaintiff upon him, and did not wish his services, and would not permit him to work in the mill then or at any time.

On November 30, 1894, the plaintiff commenced this action to recover for the season's work under the contract, less the amount of $476.50, which he alleged was all that he was able to earn during the time. The complaint alleged, in effect, the facts stated. The defendant answered, in effect admitting the essential facts stated, and put in a general denial, and denied any knowledge or information sufficient to form a belief as to how much the plaintiff had been able to earn during the time.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $847.15. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *W. L. Windom,* and oral argument by *E. J. Dockery.*

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

CASSODAY, C. J. The plaintiff had worked for the defendant during the previous season at the same business. November 14, 1893, the defendant had recommended the plaintiff, to whomsoever it might concern, as "a first-class band-saw filer." There is no claim that he was discharged for incompetency or because his work was not satisfactory.

1. The only defense is that the motion for a nonsuit should have been granted on the ground that the undisputed evidence was that the contract of hire was not for the season, nor "for more than one day." The plaintiff's first letter to the defendant was an inquiry "in regard to the coming sawing season," and "how long a run" he expected to have, and whether he was "going to run nights," and what the defendant was willing to pay him "to come and keep the saws up." In response to such inquiries the defendant stated what he was willing to give, and that he expected to "have a good season's work." We must conclude that the trial court was right in holding, as a matter of law, that it was a contract for the season, or at least as long as the defendant ran his mill. This sufficiently appears from numerous decisions of this court. *Jennings v. Lyons,* 39 Wis. 553; *Diefenback v. Stark,* 56 Wis. 462; *Koplitz v. Powell,* 56 Wis. 671; *Foster v. Singer,* 69 Wis. 392.

2. The court properly rejected the so-called offer of the oral testimony of a so-called witness who had not been sworn and was not in court. The absurdity of such an offer is apparent when it is observed that, had the court ruled the other way, the defendant's counsel would have had nothing to offer but his own unsworn statements.

3. The defendant claimed that he could prove by one

Furniss that the plaintiff had earned during the season about $200 more than he had admitted in his complaint. The court thereupon waited several minutes for the witness to appear, and then declined to hold the case open any longer. Thereupon the defendant made the improper offers mentioned, and he now claims, and has an affidavit in the bill of exceptions to the effect, that while his counsel was making such offers Furniss came into the court room with account books, ready to take the stand as a witness; but there is nothing in the record indicating that the trial court was informed that such witness was in the court room, or ready to take the stand, or that there was any refusal of the court to allow any witness produced upon the trial to be sworn. The defendant is conclusively presumed to have known the issues to be tried. If he claimed that the plaintiff might have earned more than he admitted in his complaint, the burden was upon him to show it. *Norris v. Cargill,* 57 Wis. 251. But he failed to show any adequate excuse for not having the witness in court during the trial. So he utterly failed to make an adequate showing for a new trial on the ground of newly discovered evidence.

*By the Court.*— The judgment of the circuit court is affirmed.