Kurtz, Respondent, vs. Jelleff, Appellant.

*September 5 — September 26, 1899.*

*New trial: Newly discovered evidence.*

A motion for a new trial on the ground of newly discovered evidence
is properly denied where such evidence consists largely in admis-
sions of the plaintiff and there is no substantial excuse stated for
not having the witnesses or their testimony present upon the trial.
A mere general assertion of "due diligence" or want of negligence
· is not enough.

Appeal from a judgment of the municipal court of the city
and town of Ripon: J. W. Hall, Judge. *Affirmed.*

For the appellant there was a brief by *R. L. Morse,* attor-
ney, and *J. Dobbs,* counsel, and oral argument by *J. H. Mc-
Crory.*

*J. J. Foote,* for the respondent.

Cassoday, C. J. This is an action to recover $131.24,
money had and received. The answer interposes two coun-
terclaims, one for $25 for services rendered, and the other
for $75, the alleged agreed price for procuring a purchaser
for certain real estate. The plaintiff replied, putting in issue
both counterclaims. A jury having been waived and trial
had, the court found that the defendant was entitled to the
$25 alleged in the first counterclaim, but that the second
counterclaim, for $75, had not been proved, and that the
plaintiff was entitled to recover the $131.24, less the $25;
that is to say, $106.24. From the judgment entered thereon
accordingly the defendant appeals.

Upon the trial the defendant gave evidence tending to
prove that the plaintiff agreed to pay the defendant all he
received on the sale of nine acres outside of the village and
a house and three or four lots inside of the village, over and
above $650, and that he sold the same and received therefor

$725, leaving a balance of $75. The defendant contends that the finding of the court on this question is not sustained by the evidence, but omits to print a considerable portion of the evidence bearing upon the question. After careful consideration, we are constrained to hold that the finding is supported by the preponderance of the evidence, and that the defendant did not sell, nor find a purchaser for, such lands; certainly not for all of them.

The motion for a new trial on the ground of newly discovered evidence was properly denied. Such newly discovered evidence consists largely in admissions of the plaintiff, and there is no substantial excuse stated for not having such witnesses or their testimony present upon the trial. A mere general assertion of "due diligence" or want of negligence was not enough.

*By the Court.*—The judgment of the municipal court of Ripon is affirmed.