SCOTT, Respondent, vs. HOBE, Appellant.

*November 2 — November 16, 1900.*

*Jurisdiction: State and federal courts: Consuls: Evidence: Immaterial error: New trial: Newly discovered evidence: Negligence.*

1. The state courts have jurisdiction of actions against trading consuls or vice consuls of foreign nations concerning matters arising out of their business, there being no constitutional, statutory, or treaty provision vesting exclusive jurisdiction of such cases in the United States courts.

2. The admission of evidence of immaterial facts was not prejudicial where they had previously appeared in the case by evidence which was properly received.

3. The issue being whether plaintiff was to receive, for looking after defendant's vacant buildings, etc., compensation in addition to the use of one of such buildings as a dwelling rent free, the failure of defendant, previous to the trial, to interview a clerk employed by him in a store about six miles distant, at which plaintiff traded, to ascertain what such clerk knew concerning the case, is *held* such a lack of diligence as to justify the denial of a motion for a new trial based on an alleged discovery that plaintiff had made admissions to such clerk.

Scott vs. Hobe.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This is an action to recover the reasonable value of services claimed to have been performed by the plaintiff for the defendant between June 1, 1898, and April 6, 1899, in looking after and taking care of certain unused buildings near Clifford Station, Lincoln county, Wisconsin, and also in looking after certain lands of the defendant in that vicinity. The allegations of the complaint were denied by the answer, and the defendant alleged that the only services rendered by the plaintiff were rendered pursuant to an agreement that the plaintiff was to have one of the buildings as a dwelling house free of rent, in consideration of the care of all the buildings. The answer also alleged that the defendant was a citizen of Norway, and that he was and had been since 1883 vice consul of Sweden and Norway, residing at St. Paul, in the state of Minnesota, and that the state courts had no jurisdiction of the action on that account, but that the United States courts had sole jurisdiction of such actions.

It appeared by the evidence that the defendant had lived in the city of St. Paul since the year 1883, and that he was a citizen of Norway, and was the vice consul of Norway and Sweden, as alleged in the answer; that since 1887 he had been engaged in the lumber and land business, owning considerable tracts of land in various parts of Wisconsin, and operating at least one sawmill; that in May, 1898, he bought a considerable tract of land in the vicinity of Clifford Station, Lincoln county; that on this land and at the station there were a number of deserted buildings which had been used by the Clifford Lumber Company, consisting of a store building, a boarding house, some frame buildings, a blacksmith shop, etc., all of which were rough and unpainted. A mill had been operated by the Clifford Lumber Company at the station, which burned down in November,

1897. The defendant bought the land for the purpose of selling again.

It further appeared that the plaintiff was a log scaler and lumber estimator, and that he had worked for the Clifford Lumber Company; that in June, 1898, the plaintiff and defendant met at Clifford Station, and had some talk with regard to the plaintiff's looking after the deserted buildings and showing the land to prospective purchasers. The plaint-. iff claims that in this conversation it was agreed that the plaintiff should look after the property and that the wages would be agreed upon at a later time, and the defendant claims that the agreement was that if the plaintiff would look after the buildings he should have one house to live in free of rent. The plaintiff moved into the house and looked after the buildings and property until April, 1899. Considerable correspondence passed between the parties, which was all put in evidence.

The jury returned a verdict for the plaintiff for $374. The defendant moved for a new trial on exceptions to evidence and the charge of the court, and also on the ground of newly discovered evidence; but the motion was overruled and judgment entered for the plaintiff upon the verdict, from which the defendant appeals.

For the appellant there was a brief by *Curtis, Reid, Smith & Curtis,* and oral argument by *F. J. Smith.*

For the respondent there was a brief by *Flett & Porter,* and oral argument by *W. H. Flett.*

WINSLOW, J. It is insisted by the appellant that the state courts have no jurisdiction of this action, because the defendant is a vice consul of Sweden and Norway and can only be sued in the courts of the United States. The defendant was a trading consul, the action here brought is one which arises out of his business, and the principle of international law is that a trading consul is liable to the ordinary processes of

law in all that concerns his trade, in the same way as a native merchant. *Coppell v. Hall*, 7 Wall. 542. The defendant is therefore amenable to the jurisdiction of the state courts, unless that jurisdiction has been taken away by the constitution and laws of the United States,— for the state courts have jurisdiction unless it has been taken away; the United States courts have no jurisdiction unless it has been given. By the constitution of the United States, the courts of the United States were vested with judicial power extending to "all cases affecting ambassadors, other public ministers, and consuls," and in all such cases the supreme court was given "original jurisdiction." *Const. U. S. art. III, sec. 2.* A grant of original jurisdiction is not a grant of exclusive jurisdiction; hence there is nothing in the constitutional clauses just cited which deprives the state courts of jurisdiction. *Bors v. Preston*, 111 U. S. 252. By the judiciary act of 1789, however (R. S. of U. S. 1874, sec. 711, par. 8), exclusive jurisdiction was vested in the courts of the United States over "all suits or proceedings against ambassadors or other public ministers, . . . or against consuls or vice consuls." Under this act it was well settled that the jurisdiction of the United States courts was exclusive. *Davis v. Packard*, 7 Pet. 281; *Valarino v. Thompson*, 7 N. Y. 576. This paragraph was repealed by ch. 80 of the United States Statutes at Large, passed by the 43d Congress, approved February 18, 1875, so that there is now no constitutional or statutory provision vesting exclusive jurisdiction of such causes in the United States courts. In the absence of such provision, or of any treaty provision, the jurisdiction of the state courts seems unquestionable. The same result was reached in *Wilcox v. Luco*, 118 Cal. 639, 45 L. R. A. 579; and *De Give v. Grand Rapids F. Co.* 94 Ga. 605.

Passing to the merits of the case, the first contention made is that the verdict is contrary to the evidence. It must be sufficient to say with reference to this question that we have

carefully examined the evidence and are satisfied that there is sufficient evidence to sustain the verdict.

It is next contended that the judgment should be reversed on account of the erroneous admission of evidence. Upon the cross-examination of the defendant, plaintiff's attorney was allowed, against proper objection, to show that his (defendant's) land and lumber business was extensive; that he owned considerable amounts of land in various places in this state, and was manufacturing lumber at Knox Mills. This was clearly immaterial, and, if prejudicial, might necessitate reversal of the judgment. Substantially all these facts, however, had previously appeared in the case by evidence which was properly received; hence we do not see how it can be said that the defendant was prejudiced.

Finally, it is contended that a new trial should have been granted on the ground of newly discovered evidence. It appeared by affidavits filed that defendant had a store at Brantwood, six miles from Clifford, during the time that *Scott* worked for him, and that one Lind was defendant's clerk in the store, and that *Scott* did his trading there. Lind's affidavit shows that *Scott* had a conversation with him at Clifford in July, 1898, in which *Scott* told him that he (*Scott*) was to look after the buildings in consideration of the use of a house free of rent. The plaintiff filed an affidavit denying such statement *in toto*. The affidavits further showed that neither the defendant nor his attorneys had ever interviewed Lind to see if he knew any facts concerning the case previous to the trial. We think common diligence and prudence in preparing for trial would have suggested that Lind be interviewed to ascertain what knowledge he had concerning the matter. He was in defendant's employ, was within easy access, and had seen plaintiff frequently during his employment, and it would seem quite probable that he might have had some material conversations with the plaintiff. Such applications as this are not

regarded with favor for very obvious reasons. Before a new trial is granted the applicant must make out a case free from delinquency, and show that, notwithstanding he used all reasonable diligence in preparing his case, the newly discovered evidence escaped his search. *Edmister v. Garrison,* 18 Wis. 594. We do not think such a case was made here.

*By the Court.*— Judgment affirmed.