WEICHMAN and another, Respondents, vs. KAST, Appellant.

*May 1—May 21, 1914.*

*New trial: Newly discovered evidence: Diligence: Cumulative or impeaching evidence: Discretion.*

1. An affidavit by defendant in support of a motion for a new trial on the ground of newly discovered evidence as to a certain conversation between the parties, stating that affiant did not know of the existence of such evidence until after the term of court because the persons present had, most of them, moved away and "none of them had ever informed affiant of the facts as to such conversation until recently," did not sufficiently show the diligence required of the moving party in such a case.
2. The refusal of a new trial upon newly discovered evidence which is cumulative or impeaching in character rests largely in the discretion of the trial court.

APPEAL from a judgment of the circuit court for Crawford county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

*Alexander Athey,* for the appellant.

For the respondents there was a brief by *Graves & Earll,* and oral argument by *R. B. Graves.*

KERWIN, J. This action was commenced in a justice's court and upon stipulation and bond filed it was removed to the circuit court, where it was tried by the court, a jury having been waived. The action was to recover balance due on contract for the sale of real estate. The court found as follows:

That on or about February 26, 1912, plaintiffs and defendant entered into a contract in writing wherein and whereby defendant was to pay said plaintiffs the sum of $1,600 as follows: $1,000 down, same to be paid by transfer of a certain mill property valued by the parties at $800 and by payment of $200 in cash, the cash in fact to be paid when plaintiffs should get the real estate described in the contract released from incumbrance; balance to be paid in

annual instalments of $150 each; that in consideration of said payments to be made by defendant, plaintiffs were to convey to him certain real· estate (describing it) in Crawford county; that plaintiffs subsequently conveyed said real estate to defendant, and defendant executed a note and mortgage to plaintiffs for payment of $600 as agreed to be paid in annual instalments; that said contract was never modified; that on or about the 1st of June, 1912, plaintiffs procured a release of the incumbrance on said real estate, presented same to defendant, and demanded payment of the $200 to be paid them, and defendant refused and neglected to pay the same and has ever since refused and neglected to pay the same; that no part of said sum of $200 has ever been paid.

The court concluded that there was justly due and owing the plaintiffs from defendant $200 with interest at six per cent. per annum from June 1, 1912, with costs and disbursements of action. Judgment was entered in favor of the plaintiffs, from which this appeal was taken.

Two grounds are urged for reversal: (1) That the findings are not supported by the evidence; and (2) that a new trial should have been granted on the ground of newly discovered evidence.

1. A careful examination of the record convinces us that the findings are well supported by the evidence.

2. We are also satisfied that there was no error in denying the motion for new trial. The ground of new trial set up in the moving papers is alleged newly discovered evidence impeaching or cumulative in character. It is alleged that the defendant did not know of such evidence until after the term of court had adjourned. The affidavits and moving papers upon which the motion for new trial is based fall far short of showing the diligence required in endeavoring to obtain the desired evidence for use upon the original trial. *Scott v. Hobe,* 108 Wis. 239, 84 N. W. 181; *Edmister v.*

*Garrison,* 18 Wis. 594. A mere statement of diligence or want of negligence is not sufficient. *Kurtz v. Jelleff,* 104 Wis. 27, 80 N. W. 41; *Lewis v. Newton,* 93 Wis. 405, 67 N. W. 724. The allegation respecting diligence in the moving papers is as follows:

"The defendant did not know of the existence of said evidence until after the said term of court had adjourned, as the parties who were present in the milk station and barber shop of James Calloway had, most of them, moved from Bell Center, and none of them had ever informed affiant of the facts as to such conversation until recently."

This is not sufficient. *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139.

3. Nor does it appear that the alleged newly discovered evidence, if obtained, would probably produce a different result. The alleged newly discovered evidence is positively denied by one of the plaintiffs, *William Weichman.* The trial court has a broad discretion in the matter of granting or refusing new trials. Upon the facts in this case we are clear that such discretion was not abused. *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788. The refusal of a new trial upon newly discovered evidence which is cumulative or impeaching in character rests largely in the discretion of the trial court. We find no error in the record.

*By the Court.*—The judgment is affirmed.