TOLEDO SCALE COMPANY, Appellant, vs. COLLERAN, Respondent.

*September 12—October 10, 1933.*

For the appellant there were briefs by *Carroll & Thekan* of Milwaukee, and oral argument by *George J. Carroll.*

For the respondent there was a brief by *Reynolds & Galin,* attorneys, and *H. C. Case* of counsel, all of Milwaukee, and oral argument by *Mr. Case.*

ROSENBERRY, C. J.   Upon an appeal from an order of the trial court granting relief from a judgment, the order will not be disturbed on appeal unless it appears so clearly wrong as to evince an abuse of judicial power.  *Gowran v. Lennon,* 154 Wis. 566, 143 N. W. 678.

In order to justify setting aside a judgment and granting a new trial on motion after judgment, the evidence upon which the motion is based must not be merely cumulative. A showing of diligence must be made, and in order to justify a reversal of an order refusing a new trial it should appear that the newly-discovered evidence is of such a character as would probably change the result of the trial.  *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465; *Gans v. Harmison,* 44 Wis. 323; *Wilson v. Plank,* 41 Wis. 94; *Belt Line Realty Co. v. Dick,* 202 Wis. 608, 233 N. W. 762.

It is also a familiar doctrine that motions for a new trial on the ground of newly-discovered evidence are received with great caution.  *Conradt v. Sixbee,* 21 Wis. *383.

In the light of these and other authorities, we have carefully examined the record in this case and it is considered that the trial court acted under an erroneous view of the law.   A motion for a new trial on the ground of newly-discovered evidence under sec. 270.50, Wis. Stats., is not a

motion for a retrial of the case upon the whole record and equivalent to a motion for a new trial under sec. 270.49. The court no doubt was led into this error by the insistence of counsel for defendant, who apparently in the court below as well as here sought to reargue all the issues raised by the pleadings as to which evidence was offered and received before the referee. While it is true that sec. 270.50, under which the motion is made, expressly provides that the motion may be heard upon a bill of exceptions or the judge's minutes or transcribed copy of the phonographic reporter's minutes, the newly-discovered evidence must nevertheless be of such a probative force as to bring it within the well established rule. A motion for a new trial upon the ground of newly-discovered evidence is not a search of the record made on the trial for error with the hope or expectation that, if the judgment be set aside and a new trial granted, the evidence already in the record, together with that which is newly discovered, might produce a different result. A careful distinction should be made between a motion for a new trial under sec. 270.49, which is essentially an appeal to the discretion of the court while the record is still under its control, and a motion under sec. 270.50, where the court must set aside the judgment already rendered and grant a new trial. It is true that the trial court has discretion under each section, but the underlying considerations which move the court to act are widely different. The New York cases illustrative of the rule and its application are stated in 8 Wait's New York Pr. (3d ed.) 83 *et seq.* See, also, note Cumulative Evidence, L. R. A. 1916 C, p. 1162; note Nature of New Evidence—Materiality and Weight, 30 L. R. A. N. S. 1034.

The issue in this cause amounted to the stating of an account between the plaintiff and defendant. It was heard before the referee, the record embracing about 700 pages.

After the referee had made his report with his findings of fact and conclusions of law, the matter was brought on for reargument before the court. It was heard before the court and judgment entered on April 30, 1931. Four months thereafter and pending supplementary proceedings on the judgment, the defendant moved to vacate the judgment and for a new trial. The newly-discovered evidence consists of certain checks drawn in June and November, 1929, and certain records and correspondence which are alleged by the defendant to have a material bearing upon defendant's counterclaim.

In order to demonstrate the immateriality and cumulative character of this evidence, we should be obliged to set out or at least refer to a considerable part of the evidence received in the case. This we do not feel justified in doing in view of the large number of causes of action involved. While the trial court was of the view that the newly-discovered evidence was not cumulative, it is considered that it is cumulative where it is material at all. What is really sought on this motion is a retrial of the case and that is what is principally argued in defendant's brief. Without going more into detail, it is considered that the alleged newly-discovered evidence was in part immaterial and in part cumulative and that the showing of diligence made by the defendant was insufficient to bring the matter within the rule as already indicated. It was therefore an abuse of discretion for the court to grant the motion although the error may have arisen from a mistake of law.

It is in the public interest that there be an end to controversies. On the other hand the end reached should not result in injustice. But a litigant who has had full opportunity to present everything which might sustain his position should be held to a fairly strict rule as to diligence; he should clearly show that the newly-discovered evidence is material and that it is not cumulative, and the court should

be reasonably certain that a different result probably would be reached. A party may not have a new trial upon additional evidence merely because he thinks he could do better on the second trial than he did on the first.

*By the Court.*—The order appealed from is reversed, with directions to dismiss the application and reinstate the judgment.