MICKOLESKI, Appellant, vs. BECKER, Respondent.

*February 17—March 29, 1948.*

For the appellant there were briefs by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger* and *Fred W. Genrich.*

For the respondent there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, attorneys, and *Marvin King* of Wisconsin Rapids of counsel, and oral argument by *Mr. Charles F. Smith* and *Mr. King.*

FRITZ, J. The alleged newly discovered evidence, upon which defendant bases his motion for a new trial, would be material in the event of such trial on solely the issue as to whether plaintiff was so badly injured and disabled as the result of being assaulted and beaten by defendant on June 4, 1946, that he cannot run or even walk without a cane. On the first trial in June, 1947, plaintiff testified (briefly summarized) that as the result of the assault he was all banged up and

stiff and sore; that every time he twists his neck and shoulders it feels like sharp needles going through there all the way down his back, and later it got into his right leg, and his right knee is swollen, and the pains run down through the lower part of his right leg as though all his cords are tightened up in his body; that he has not been able to work at all since he left the Wisconsin General Hospital on October 5, 1946, and does not feel any better now, and is all sore in his neck and his back, and every time he turns his neck it catches him in the back, and there is a sharp pain like broken bones; that he cannot walk without a cane; that the cane he has is not the only cane he used since the accident; that just before he began using this present cane he did not run down the highway when he left the White Horse tavern, where he had an altercation and his cane was taken away from him, and he hobbled and dragged himself along the highway about four hundred feet, but was not running; and that he did not do any trapping or hunting that fall, but just went down with a friend, Frank Martino, and took him around with the car and dropped him off and picked him up there. And on behalf of plaintiff Dr. Harold N. Lubing testified on the trial that he specialized in neuropsychiatry and had treated plaintiff at the Wisconsin General Hospital from September 20th to October 5, 1946; that as a result of defendant's assault and beating of plaintiff there was an emotional injury which caused his reaction and complaint of pain in his back, neck, and arm, and various parts of his body, and there was no physical reason for this pain, but he does feel the pain; that it is real to him, and he has as much suffering as though there were an actual physical injury, and he suffers from a posttraumatic psychoneurosis which arises from some injury to the emotions or the person's inner self.

In addition to other evidence introduced at the trial on behalf of defendant in relation to the nature and extent of plaintiff's injury following the assault, there was testimony by three

witnesses, including Harry Strojny, the keeper of the White Horse tavern, to the effect that on May 8, 1947, plaintiff walked into the tavern with a cane for help, and he was limping; that after an altercation he ran out of the tavern through the back door without his cane, which was left broken on the floor; that Leo Stroik was chasing him and plaintiff was running as fast as he could down the highway without his cane and without limping, and Stroik was unable to catch him after trying to do so while chasing him about a city block; that Stroik followed him into a filling station and thought plaintiff went over the top of a counter.

In support of defendant's motion for a new trial he relied on seven affidavits, in some of which there were statements to the effect that in November, 1946, they saw plaintiff hunting deer, and walk and run in the woods without limping or using or needing the support of a cane, and that he had helped drag and and hang up a deer; and was apparently in good physical condition; and in some of the affidavits the affiants stated they saw plaintiff on other occasions walking and dancing in a normal manner without a cane, and also casting while fishing. And in relation to those sworn statements as to newly discovered evidence, defendant stated in his own affidavit (in connection with other matters hereinafter mentioned) that such evidence, purporting to prove plaintiff was not physically injured as a result of the accident, was discovered by defendant since the trial.

In opposing defendant's motion for a new trial on the ground of newly discovered evidence, there were submitted on behalf of plaintiff thirteen counteraffidavits in which the matters stated in the affidavits submitted by defendant were contradicted in substantially all material respects by the affiants' statements that at the times and occasions mentioned in the affidavits submitted by the defendant the plaintiff did not run or walk without the use and help of his cane, and that on the

hunting trip in question he did not help drag or hang up a deer and did not run or walk into the woods with the other persons, but that he sat down most of the time and watched the hunting, and at no time walked in the woods more than about one hundred fifty feet.

The trial court, as well as the attorneys for each of the parties, rightly considered applicable herein the rule that,—

"A new trial will not be granted on the ground of newly discovered evidence unless the party moving therefor satisfies the court, first, that such evidence came to his knowledge after the trial; second, that he was not negligent in seeking to discover it; third, that it is material to the issue; fourth, that it is not merely cumulative to testimony introduced on the trial; and fifth, that it is reasonably probable that a different result would be reached upon another trial." *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 369, 189 N. W. 465.

In the case at bar defendant's alleged newly discovered evidence is merely cumulative to evidence which he introduced on the trial in so far as it is in relation to what he claims occurred at the White Horse tavern when plaintiff's cane was broken and he ran away without the help of a cane. But some of said evidence may not be cumulative in so far as there are statements in some of the affidavits on which defendant relies to the effect that in November, 1946, some of the affiants saw plaintiff accompany some men who were hunting deer, and saw him walk and run in the woods without limping or using a cane, and that he helped drag and hang up a deer, and was apparently in good physical condition; and that on some other occasion affiants saw plaintiff walking and dancing without using a cane, and also saw him casting in a normal manner while fishing.

However, in neither his own nor any affidavit submitted on defendant's behalf is there any statement of facts which can be considered sufficient to establish that he did exercise due dili-

gence in order to discover, or was not negligent in failing to discover, the new evidence in time for his use thereof on the trial in June, 1947. As this court has stated,—

"Applications of this nature are regarded with suspicion and disfavor. 'The presumption is that, by proper effort, the party might have discovered the evidence and used it on the trial, and that his not having done so is owing either to intentional omission, or unpardonable neglect. To rebut this presumption he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmises to the contrary. He must show that he was on the alert, but that, notwithstanding, the evidence eluded him. Before he can expect aid from the court, he must satisfy it that he has tried to help himself. If the least fault be imputable to him, he will ask for relief in vain.' 3 Gra. & Wat. on New Trials, 1026." *Edmister v. Garrison,* 18 Wis. *594, *603.

"Before a new trial is granted the applicant must make out a case free from delinquency, and show that, notwithstanding he used all reasonable diligence in preparing his case, the newly discovered evidence escaped his search." *Scott v. Hobe,* 108 Wis. 239, 244, 84 N. W. 181.

"The affidavits and moving papers upon which the motion for new trial is based fall far short of showing the diligence required in endeavoring to obtain the desired evidence for use upon the original trial. . . . A mere statement of diligence or want of negligence is not sufficient. *Kurtz v. Jelleff,* 104 Wis. 27, 80 N. W. 41; *Lewis v. Newton,* 93 Wis. 405, 67 N. W. 724. The allegation respecting diligence in the moving papers is as follows: 'The defendant did not know of the existence of said evidence until after the said term of court had adjourned, as the parties who were present in the milk station and barber shop of James Calloway had, most of them, moved from Bell Center, and none of them had ever informed affiant of the facts as to such conversation until recently.' This is not sufficient. *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139." *Weichman v. Kast,* 157 Wis. 316, 317, 147 N. W. 369.

"Even in a criminal case it is said: 'The presumption is always that by due diligence the parties to the action can discover

and produce relevant and material evidence. It is for this reason that the motion for the new trial on the ground of newly discovered evidence is received with great caution and not entertained favorably.' *Musso v. State,* 160 Wis. 161, 151 N. W. 327." *Miller Saw-Trimmer Co. v. Cheshire, supra.*

Instead of stating facts essential to establish that defendant did exercise the required diligence in order to discover such new evidence in time for use on the trial, there are stated in his affidavit only his conclusions,—

"That before said trial the affiant used due diligence to obtain all the testimony necessary to support the issue on his part; but upon and after diligent search was unable to learn and did not know that all of said parties above named and whose affidavits are attached were material witnesses or knew anything about the plaintiff or his physical condition, and was unable to obtain the evidence which he is informed and believes he can prove by said witnesses. That he was unable to produce any witnesses to the facts aforesaid on the former trial; that he made diligent search and inquiry for a witness and evidence to prove the said facts, but could find or learn of no one by whom said facts could be proved, and that the affiant did not know of any of said witnesses or of their knowing of these facts until about the day on which said affidavits were procured or after the trial and judgment in the aforesaid case."

These general assertions of defendant's conclusions without a sworn statement of facts as to what he did or had done for him in order to discover the alleged new evidence were not sufficient to warrant a determination by the court that he had used the required diligence before the trial. Consequently, defendant's motion for a new trial should have been denied by the court. *Edmister v. Garrison, supra; Jalie v. Cardinal,* 35 Wis. 118, 125 ; *Scott v. Hobe, supra; Kurtz v. Jelleff,* 104 Wis. 27, 80 N. W. 41 ; *Lewis v. Newton,* 93 Wis. 405, 67 N. W. 724 ; *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139 ; *Weichman v. Kast, supra; Belt Line Realty Co. v. Dick,* 202 Wis.

608, 233 N. W. 762; *Toledo Scale Co. v. Colleran,* 212 Wis. 502, 250 N. W. 377; *Will of Kintopp,* 250 Wis. 381, 387, 27 N. W. (2d) 481.

In the decision granting the new trial the trial court finally stated,—

"Never before in this court's experience has there been such outright perjury and false swearing committed as in this case. . . . *If* the jury believes the testimony that will undoubtedly be presented by the defendants on the new trial, there will undoubtedly be a different result. *If,* on the other hand, the jury should believe that these new witnesses are wilfully testifying falsely, they will find it less difficult to arrive at a proper verdict. One thing is certain, and that is that perjury and false swearing has been indulged in by several witnesses in this case, and a new trial may have the wholesome effect of enabling the court and the proper law-enforcement officers to ascertain which of the witnesses have been guilty of wilful perjury and false swearing. On the other hand, it may also vindicate the truthful witnesses, whose testimony is now under a cloud because of false statements made by others. The court is of the opinion, therefore, that a new trial should be granted on the ground of newly discovered evidence."

In those statements there is no determination by the court as to which of the witnesses on the trial, or which of the affiants in the affidavits submitted on the motion for a new trial committed perjury. In view of the trial court's determination on the motions after verdict that plaintiff was entitled to the judgment which was entered in his favor as the court ordered, it is evident that the court had then concluded that the testimony of plaintiff's witnesses on the trial entitled him to the recovery which was then adjudged. If the court had not then been of that opinion, the record might have admitted of the court then setting aside the verdict and ordering a new trial in the exercise of its discretion. But after judgment has been duly entered

on a verdict pursuant to the trial court's order, then the discretion of the court to set aside the judgment and verdict and grant a new trial on the ground of newly discovered evidence may only be exercised and a new trial granted if the proof upon which a motion therefor is based warrants the court in finding that there exist the five grounds stated in *Miller Saw-Trimmer Co. v. Cheshire, supra.* As we said in *Beck v. Wallmow,* 226 Wis. 652, 659, 277 N. W. 705,—

". . . a statement or admission by a witness that he committed perjury upon the trial of a cause is not a ground for a new trial, based on newly discovered evidence. Such evidence is not newly discovered evidence but newly discovered perjury. *Loucheine v. Strouse,* 49 Wis. 623, 6 N. W. 360; *Keeley v. Great Northern R. Co.* 139 Wis. 448, 121 N. W. 167; 46 C. J., New Trial, p. 231, sec. 186."

*By the Court.*—The order vacating and setting aside the judgment entered July 10, 1947, and granting a new trial is reversed, and the cause is remanded with directions to reinstate the judgment as entered on July 10, 1947, and for such further proceedings as are consistent with the opinion.