ERICKSON, Respondent, vs. CLIFTON and another, Appellants.

*November 2—December 1, 1953.*

238

For the appellants there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondent there was a brief by *Genrich & Terwilliger* of Wausau, and *Hugh G. Haight* of Neillsville, attorneys, and *Emil A. Wakeen, Walter H. Piehler,* and *Neil M. Conway,* all of Wausau of counsel, and oral argument by *Mr. Herbert Terwilliger* and *Mr. Wakeen.*

BROWN, J. In granting plaintiff's motion for a new trial the learned trial judge filed a memorandum by which it is established that he bore in mind the conditions which we have said must be fulfilled before a new trial may be granted because of newly discovered evidence. These conditions, as repeated by the trial court, appear in *Miller Saw-Trimmer Co. v. Cheshire* (1922), 177 Wis. 354, 189 N. W. 465; reaffirmed in *Mickoleski v. Becker* (1948), 252 Wis. 307, 311, 31 N. W. (2d) 508; and *Estate of Teasdale* (1953), 264 Wis. 1, 58 N. W. (2d) 404. They are:

1. The evidence must have come to the moving party's knowledge after the trial.

2. He must not have been negligent in seeking to discover it.

3. The evidence must be material to the issue.

4. The evidence must not be merely cumulative to testimony introduced at the trial.

5. It must be reasonably probable that a different result would be reached on a new trial.

Applications for new trials on this ground are not received favorably and are entertained with great caution. *Miller Saw-Trimmer Co. v. Cheshire, supra,* p. 369; *Estate of Teasdale, supra,* p. 4. Nevertheless, the granting or refusal of a new trial is an order discretionary with the trial court which will not be disturbed unless it is manifest that the discretion has been improperly exercised. *Wilson v. Plank* (1876), 41 Wis. 94; *Miller Saw-Trimmer Co. v. Cheshire, supra,* p. 69; *Estate of Teasdale, supra,* p. 7.

This testimony by a disinterested eyewitness to the position on the highway of the automobiles immediately before the collision, there being no other such witness, is undisputably material to the issue of this action and it is not cumulative. It must also be conceded that the evidence came to the attorney's knowledge after the trial. The more troublesome requirements concern the diligence of Erickson's attorneys in failing to discover before trial that Mrs. Laabs had seen Clifton on the wrong side of the road before the accident and that it is reasonably probable that a different result would be reached upon a new trial if this evidence was presented to the jury.

On the question of diligence there is, of course, a point when zeal loses its virtue and is to be condemned as an effort to persuade witnesses to tell a favorable story regardless of the actual knowledge of the witness concerning the point to be proved. It is implied by Mrs. Laabs' final statement (we do not imply it—much less say it) that this point was reached and passed by investigators working for Clifton. On the other hand, a party satisfied by superficial investigation should not be accommodated with a new trial. Obviously, Erickson's attorneys did not exceed the pressure on Mrs. Laabs which professional ethics may tolerate. Did they come close enough to doing so to avoid being charged with a fatal lack of diligence in discovering what they now claim to be the truth? The learned trial court concluded that they did.

The situation is a perfect example of one lying within the discretion of the trial court. No abuse of discretion can be found in its decision that Erickson's attorneys were not negligent in seeking to discover this evidence before trial and, therefore, regardless of what we or some other might have done under the same circumstances, on appeal the trial court must be affirmed on this point. In the same way the trial court acted within its discretion in determining it was reasonably probable that Mrs. Laabs' evidence given upon a new trial might produce a different verdict. If it is believed by the jury a different verdict is almost certain. Since she has given conflicting statements the jury may not believe this one and, as she has shown herself responsive to pressure, when pressed upon cross-examination she may again abandon the version upon which plaintiff now relies. On the other hand she may stick to her guns and be believed by the jury. The trial court considered that it was reasonably probable that this new evidence would produce a different verdict. Discretion in this matter lies with that court, not with us. We can find no abuse and that compels affirmance.

Finally, counsel for Clifton submits that, since even perjury does not warrant a new trial at which the truth may be produced, much less can a new trial be granted by reason of a change of statement by an unsworn witness to an accident. He cites *Loucheine v. Strouse* (1880), 49 Wis. 623, 6 N. W. 360, in which a witness in a first trial offered to recant and tell another story upon a new trial. We held that, having admitted that he had testified falsely under oath, his later testimony would not be entitled to any weight, and it was error to grant a new trial in reliance on anything which he might testify to. *Keeley v. Great Northern R. Co.* (1909), 139 Wis. 448, 121 N. W. 167, is to the same effect, though there the trial court had denied the motion for new trial. In *Mickoleski v. Becker, supra,* also cited by appellants to this point, the order granting a new trial was reversed because

the newly discovered evidence was merely cumulative and there was a lack of diligence in discovering it before trial. There was also an admission of perjury and we held that this is not a ground for a new trial, based on newly discovered evidence. Our decisions appear to confirm appellants' contention that an admission of perjury committed upon a first trial and an offer by the perjurer to testify differently does not give discretion to a trial court to order a new trial on the ground of newly discovered evidence, though we have indicated that, under some similar circumstances, it might grant one in the interests of justice. *Birdsall v. Fraenzel* (1913), 154 Wis. 48, 52, 142 N. W. 274; *Beck v. Wallmow* (1938), 226 Wis. 652, 277 N. W. 705. But the instant case is not one where the rule appellants invoke may be applied. Mrs. Laabs has not committed perjury and thus become unworthy of belief. She has never testified, falsely or otherwise, under oath. She has, it is true, made contradictory statements out of court which are available to appellants to impeach her and affect her credibility but do not overcome the general rule that her credibility is to be determined by the jury. We can say, as we have done in the past, that the testimony of an admitted perjurer may be disregarded as a matter of law, *Loucheine v. Strouse, supra,* but we may not so treat the affidavit of someone who has merely told conflicting stories. A jury may choose among those and, on a motion for a new trial on the ground of newly discovered evidence, the probable effect of the evidence of such a person is to be determined within the discretion of the trial court. That court's conclusion should be affirmed unless there is a clear showing that the discretion has been abused. There is no such showing here.

*By the Court.*—Order affirmed.