23 Wis.2d 629 (1964)
COMBS and others, Appellants,
v.
PETERS and another, Respondents.[*]
Supreme Court of Wisconsin.
March 31, 1964.
April 28, 1964.
*634 For the appellants there was a brief by Eisenberg & Kletzke, attorneys, and Edwin A. Star of counsel, all of Milwaukee, and oral argument by Sydney M. Eisenberg.
For the respondents there was a brief by Kivett & Kasdorf, attorneys, and John M. Swietlik of counsel, all of Milwaukee, and oral argument by Mr. Swietlik.
GORDON, J.
 "An appeal, Hinnissy, is where ye
 ask wan coort to show its contempt
 f'r another coort."
*635 Notwithstanding Mr. Dooley, we have great respect for the learned trial court but conclude that there was an abuse of discretion in refusing to order a new trial on the grounds of newly discovered evidence.
The five requirements for the granting of a new trial on the grounds of newly discovered evidence are set forth in Hoffman v. Buggs (1959), 6 Wis. (2d) 488, 491, 95 N. W. (2d) 237. See also Estate of Teasdale (1953), 264 Wis. 1, 4, 58 N. W. (2d) 404; Mickoleski v. Becker (1948), 252 Wis. 307, 311, 31 N. W. (2d) 508; Miller Saw-Trimmer Co. v. Cheshire (1922), 177 Wis. 354, 369, 189 N. W. 465. These tests are:
(1) The evidence must have come to the moving party's knowledge after the trial.
(2) The moving party must not have been negligent in seeking to discover it.
(3) The evidence must be material to the issue.
(4) The testimony must not be merely cumulative to the testimony which was introduced at the trial.
(5) It must be reasonably probable that a different result would be reached on a new trial.
The appellants offered a number of affidavits to show that the identity of a Milwaukee police officer, Eugene Gascoigne, was not ascertainable until after the close of the trial. There were no contradictory affidavits submitted, but the trial court ruled that "there was not due diligence to locate the witness prior to the trial." In our opinion, this ruling is contrary to the record which has been made in this case.
In an affidavit, one of the appellants' attorneys averred that before trial he had made an unsuccessful effort to discover the identity of the officer of Squad 844. There was also an affidavit by Edmund Siarkiewicz, a lieutenant of the Oak Creek police department, who deposed that during the trial he "used every means available to him but was unable to trace the name of the officer who had driven Squad 844." *636 Siarkiewicz also testified to the same effect at the trial. A captain of the Milwaukee police department, Alvin Krebs, now retired, also gave an affidavit which contained the following significant averments:
"That although he diligently searched for the name of the officer he was unable to find it nor were any of the men who were under his command; that he learned that the records which were kept as to the name of the driver of Squad 844 had been destroyed and that there was no possible way for him to determine the name of the officer of Squad 844 who was on duty on December 3, 1960."
In the transcript there is the testimony of Howard Larson, who at the time of the accident was a police officer for the Oak Creek police department. Larson testified that his attempt to locate the officer who was in Milwaukee Squad 844 was unsuccessful because there was no available record at the downtown traffic bureau or at the No. 2 district. Although Larson was subject to cross-examination, no effort was made to show that his search for the missing officer was either untimely or nondiligent.
In our opinion, the affidavits, coupled with the evidence adduced at the trial regarding the efforts made to locate the driver of Milwaukee Squad 844, were sufficient to meet the appellants' substantial burden of establishing their diligence. There was no evidence whatsoever offered to the contrary. We deem that it was an abuse of discretion to deny the motion since the absence of negligence in ascertaining the identity of the officer was fairly and affirmatively demonstrated.
Although the trial court's ruling rested solely on the grounds of an absence of diligence, we have examined the applicability of the other four requirements and find them established. It is clear that Gascoigne's identity was in fact not learned until after the trial. In his affidavit, Gascoigne makes the following averments relating to the defendant *637 Harold Peters, all of which are highly germane and support the appellants' position:
"That he saw a car parked behind the house, which he recalls as being brown and white in color. That he felt the hood and radiator and they were both warm as though the car had been driven recently. . . . That affiant formed the opinion that the man was intoxicated because of the strong smell of alcohol on the man's breath, and other actions of the man. . . . That affiant did not arrest the man, since the accident reported to him happened in Oak Creek and was therefore out of Milwaukee police jurisdiction."
The affidavit of Gascoigne should be read in conjunction with Exhibit 7b. The latter is an accident report which attributes to the unidentified squad officer of "844 (MPD)" the statement that Peters had told him that he "had been driving on South 27th street."
Our reluctance to disturb the discretion of the trial court in the instant matter stems from the fact that we still subscribe to the statement which we made in Erickson v. Clifton (1953), 265 Wis. 236, 240, 61 N. W. (2d) 329:
"... the granting or refusal of a new trial [because of newly discovered evidence] is an order discretionary with the trial court which will not be disturbed unless it is manifest that the discretion has been improperly exercised."
See also Toledo Scale Co. v. Colleran (1933), 212 Wis. 502, 504, 250 N. W. 377; Belt Line Realty Co. v. Dick (1930), 202 Wis. 608, 613, 233 N. W. 762; Weichman v. Kast (1914), 157 Wis. 316, 318, 147 N. W. 369.
As suggested in the Erickson Case, we believe that there is a wide berth which is properly given to trial courts under the label of "discretion." We do not share the historical distrust of judicial discretion that was expressed by Lord CAMDEN in the case of Hindson v. Kersey, as quoted in King v. Almon (1765), 8 How. St. Tr., footnote 57:
*638 "The discretion of a Judge is the law of tyrants: It is always unknown: It is different in different men: It is casual, and depends upon constitution, temper, passion.In the best it is oftentimes caprice: In the worst it is every vice, folly, and passion, to which human nature is liable."
A similar thought was expressed by Edward Gibbon in The History of the Decline and Fall of the Roman Empire, Vol. 8, p. 111: "The discretion of the Judge is the first engine of tyranny." We consider that it is proper that trial judges have broad discretion in the granting of motions for new trial on the grounds of newly discovered evidence. However, when we are convinced that there has been an abuse of discretion, it is our responsibility to so hold.
A number of other grounds are urged as the basis for a new trial, and we find them devoid of merit. The following oral remarks of defendants' counsel in his closing argument to the jury are alleged to be prejudicial:
"I will say it again. If these people are compensated, we might as well tear down this courthouse and plow up the ground and plant potatoes, because inscrolled in the front door of this courthouse building are three wordsTruth, Justice and Honor, and I sincerely ask you members of the Jury to sift the evidence in this case, and find the Truth, and do Justice with Honor."
This argument is well within the range of permissible argument. It may fairly be interpreted as a colorful exhortation to the jury that a just verdict would be a verdict in favor of the defendants. See Fields v. Creek (1963), 21 Wis. (2d) 562, 572, 124 N. W. (2d) 599.
Appellants also seek a new trial on the grounds that one of the jurors claimed that she had seen a cartoon which related to litigation over an automobile accident. This must be deemed to be a futile effort by a juror to impeach the verdict of the jury. Koss v. A. Geo. Schulz Co. (1928), 195 Wis. 243, 251, 218 N. W. 175.
*639 Another argument advanced by the appellants is that the jury understood that the burden of proof required of the plaintiffs was to establish their case "beyond a reasonable doubt." The record simply does not support this contention. The jury was instructed that the burden of proof was "to satisfy or convince the jury, to a reasonable certainty, by the greater weight of the credible evidence." This was a proper instruction and adequately demonstrates that the appellants err in this contention.
By the Court.Judgment reversed, and cause remanded for a new trial.
CURRIE, C. J. (dissenting).
I respectfully dissent from the holding of the court that plaintiffs made such a showing that they were not negligent in seeking to locate before trial Patrolman Eugene Gascoigne of Squad 844 that it was an abuse of discretion for the trial court to deny the motion for new trial.
The affidavits of Miriam Eisenberg and Alvin Krebs do not state when they made their efforts to locate this patrolman and therefore are fatally defective. The key affidavit is that of plaintiffs' counsel which reads as follows:
"Sydney M. Eisenberg, being first duly sworn on oath deposes and says:
"That before trial in the above stated matter, he made a diligent search for the officer of squad 844 who investigated the accident in the above stated matter on December 3, 1960, but was unsuccessful;
"That three days after the conclusion of the trial in the above entitled matter he first obtained the name of Officer Eugene Gascoigne and the testimony of Officer Gascoigne in the above entitled matter;
"That at that time he learned for the first time that Officer Gascoigne was driving squad 844 on December 3, 1960, and investigated the above entitled matter.
*640 "That at no time during the course of the trial did the honorable judge instruct the jury not to read the newspapers."
This affidavit is wholly insufficient under the holding in Estate of Eannelli (1955), 269 Wis. 192, 215, 68 N. W. (2d) 791, wherein Mr. Justice STEINLE, speaking for the court, stated:
"General averments as to diligence are not sufficient. The facts should be set out so as to negative fault on the part of the movant. 39 Am. Jur., New Trial, p. 191, sec. 190.
"Applications for a new trial on this ground are looked upon with ... disfavor, the presumption being that the failure to discover such evidence is due `"either to intentional omission, or unpardonable neglect"' of the moving party. In order to rebut this presumption, `"His excuse must be so broad as to dissipate all surmises to the contrary."' Estate of Teasdale, supra (p. 4), citing Edmister v. Garrison (1864), 18 Wis. *594, *603, *604; also Mickoleski v. Becker (1948), 252 Wis. 307, 31 N. W. (2d) 508. Considering the rule and the affidavits presented, we are not able to hold that the trial court abused its discretion in determining that there was not a sufficient showing of diligence."
In view of the foregoing I would affirm both the judgment on the merits and the order denying a new trial. I am authorized to state that Mr. Justice HALLOWS and Mr. Justice BEILFUSS join in this dissent.
The following opinion was filed June 30, 1964:
PER CURIAM (on motion for rehearing).
The majority of the court has reached the conclusion that plaintiffs' showing of timely diligence in seeking to discover the identity of Officer Gascoigne was insufficient to make it an abuse of discretion for the circuit court to deny a new trial on the grounds of newly discovered evidence. Upon further review of the record, however (independent of the proposed new evidence), and particularly of the evidence of record tending *640a to show that defendant Peters was the offending driver, it appears probable that the jury finding to the contrary was a miscarriage of justice. For that reason we exercise our discretion under sec. 251.09, Stats., to reverse the judgment and remand for a new trial. Our original mandate herein will remain unchanged.
Motion for rehearing denied, without costs.
NOTES
[*] Motion for rehearing denied, without costs, on June 30, 1964.