Rachel E. BROWN, Plaintiff,

v.

The MOSSER LEE COMPANY, Defendant-Appellant,

COMMERCIAL UNION INSURANCE COMPANY, a foreign corporation, and Hartford Accident & Indemnity Co., a foreign corporation, Defendants-Respondents.

Court of Appeals

*No. 91-0064. Submitted on briefs June 7, 1991.—Decided September 12, 1991.*

(Also reported in 476 N.W.2d 294.)

For the defendant-appellant the cause was submitted on the briefs of *James F. Gebhart* of *Stroud, Stroud, Willink, Thompson & Howard* of Madison, and *Charles G. Norseng* of *Wiley, Wahl, Colbert, Norseng, Cray and Herrell* of Chippewa Falls.

For the defendant-respondent Hartford Accident and Indemnity Company, the cause was submitted on the brief of *Roy S. Wilcox* of *Wilcox, Wilcox, Duplessie, Westerlund & Enright* of Eau Claire.

For the defendant-respondent Commercial Union Insurance Company, the cause was submitted on the brief of *Michael F. Ehrsam* of *Moen, Sheehan, Meyer & Henke, Ltd.* of La Crosse.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.  In 1986, Rachel Brown sued The Mosser Lee Company, the owner of the building in which she worked, claiming that she had been injured by Mosser Lee's negligence in allowing her to be exposed to pollutants in the building. Mosser Lee's liability insurers, Commercial Union Insurance Company and Hartford

Accident and Indemnity Company, were joined as defendants. On motion of one of the insurers, the trial court entered summary judgment dismissing both insurers from the lawsuit on grounds that the "pollution exclusion" in their policies excluded coverage for the claimed injuries. On appeal, we affirmed the judgment in part in an unpublished decision and the supreme court denied Brown's petition for review.

Several years later, the supreme court issued an opinion in *Just v. Land Reclamation, Ltd.,* 155 Wis. 2d 737, 456 N.W.2d 570 (1990), reversing earlier cases supporting the trial court's judgment of 1986 dismissal. Mosser Lee moved to reopen the judgment, and the trial court denied the motion. The issue on this appeal is whether the trial court abused its discretion in so ruling. We conclude that it did not and we affirm the order.

The "pollution exclusion" in the Commercial Union and Hartford policies provides as follows:

> Coverage does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of any of the following:
> smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants into or upon land, the atmosphere, or any water course or body of water.
>
> THIS EXCLUSION DOES NOT APPLY if such discharge, dispersal, *release or escape is sudden and accidental.* (Emphasis added.)

As indicated, the supreme court's 1990 decision in *Just* reversed existing precedent governing pollution exclusion clauses in liability policies. Indeed, had *Just* been the law when the insurers' motion for summary judgment in this case was heard in 1986, it would have

615

required denial of the motion.[1]

Section 806.07, Stats., which allows the court to relieve a party from a judgment, order or stipulation in certain circumstances—ranging from mistake to fraud to excusable neglect—seeks to achieve a balance between the competing values of finality and fairness in the resolution of disputes. *Mullen v. Coolong,* 153 Wis. 2d 401, 407, 451 N.W.2d 412, 414 (1990). Mosser Lee's argument in this case is that the trial court erred when it refused to reopen the judgment under the "catch-all" provision of sec. 806.07(1)(h), which allows a court to relieve a party from a judgment for "[a]ny other reasons justifying relief from the operation of the judgment." That provision, however, allows reopening of judgments based on intervening changes in the law only in "extraordinary circumstances"; and it should be invoked sparingly in such cases—"only when the circumstances are such that the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.' " *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 550, 363 N.W.2d 419, 426 (1985) (citations omitted, emphasis in original).

Motions for relief from judgments under sec. 806.07, Stats., are directed to the sound discretion of the trial

[1]Mosser Lee had argued in the trial court and on the prior appeal that the "sudden and accidental" exception to the pollution exclusion in the last sentence of the above-quoted clause applied to Brown's case because her injuries were unforeseen and unexpected. As indicated, the trial court, relying on the pre-*Just* cases, rejected the argument, as did we.

In *Just,* however, the supreme court reversed those cases and held that injuries that are the "unexpected and unintended" result of pollution are not excluded by the clause.

court. *Eau Claire County v. Employers Ins. of Wausau,* 146 Wis. 2d 101, 109, 430 N.W.2d 579, 582 (Ct. App. 1988). And we will not reverse an order denying such a motion "unless there has been a clear abuse of discretion." *Shuput v. Lauer,* 109 Wis. 2d 164, 177, 325 N.W.2d 321, 328 (1982).

The term "discretion" contemplates an exercise of judicial judgment "on the basis of the facts, logic and proper legal standards." *Shuput,* 109 Wis. 2d at 178, 325 N.W.2d at 328. Where the court has undertaken "a reasonable inquiry and examination of the facts as the basis of its decision" and has made a "reasoned application of the appropriate legal standard to the relevant facts in the case," it has properly exercised its discretion and we will affirm "if . . . there is a reasonable basis for [its] determination." *Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 471, 326 N.W.2d 727, 732 (1982). Stated another way, "[w]e will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Prahl v. Brosamle,* 142 Wis. 2d 658, 667, 420 N.W.2d 372, 376 (Ct. App. 1987). And we need not agree with the trial court's exercise of discretion in order to sustain it. *Independent Milk Producers Co-op v. Stoffel,* 102 Wis. 2d 1, 12, 298 N.W.2d 102, 107 (Ct. App. 1980). Indeed, "[g]enerally . . . we will look for reasons to sustain a discretionary determination." *Prahl,* 142 Wis. 2d at 667, 420 N.W.2d at 376.

Here, the trial court explained its reasoning in a written decision. It first analyzed the applicable case law, drawing from the cases two general principles: "(1) [sec. 806.07, Stats.] should be invoked sparingly and only when justice and equity require; and (2) its invocation is in the discretion of the trial judge who should consider

all of the relevant facts and circumstances in their totality." From this the court concluded that it should exercise its discretion to grant relief from a judgment "only when extraordinary or unique circumstances exist."

The court then considered the factors which it considered as weighing in favor of relieving Mosser Lee from the judgment: the fact that the motion to reopen was made within a reasonable amount of time after the release of *Just;* that "[t]he case has not yet been tried on the merits"; that the "passage of time . . . has worked no substantial prejudice to the insurance companies, if they are required to re-enter and defend this case"; that the "[i]nclusion of the insur[ers] would provide a source of recovery for [Brown] in the event of a [favorable] verdict"; that the issue decided in *Just* was "raised in the trial court" and "in the petition for Supreme Court review"; and, finally, that Brown and Mosser Lee "ought to be entitled to the benefit of a favorable change in the law."

The court next outlined factors weighing against reopening the insurers' dismissal:

> First, this case has been pending for an inordinate amount of time and the fact that *Just* was decided shortly before the scheduled trial date is fortuitous. Second, while the *Just* issue was indirectly raised in the context of the original motion for summary judgment, it was not the focus [of the motion], was not even mentioned by the court of appeals in upholding the summary judgment order and was implicitly rejected by the Supreme Court as a reason to review the case at that time. Third, it is time to get on with the task of trying this case to a jury as now scheduled . . . and addition of "new" parties at this point is likely to cause further delay. Fourth, as they did not persuade any court at any level on the original motion for summary judgment, it is appropriate that

> [the moving parties] carry the burden of trying to persuade a reviewing court that the matter of summary judgment in favor of the insurance companies should be reopened and reversed in light of *Just.*

Calling the question "close and difficult," the trial court concluded that the latter factors "outweigh[ed] all others" and allowed the judgment to stand.

The court's thorough discussion of the facts and the applicable precedent establishes that it indeed exercised its discretion in deciding Mosser Lee's motion to reopen. We are satisfied, too, that the court's well-explained and well-reasoned decision is one a reasonable judge could reach in light of the facts and law. It was, in short, a proper exercise of discretion.

Mosser Lee contends, however, that two cases compel a different result. *Mullen,* 153 Wis. 2d at 401, 451 N.W.2d at 412 *(Mullen II),* and *Harmann v. Hadley,* 128 Wis. 2d 371, 382 N.W.2d 673 (1986).

In *Mullen II,* the supreme court affirmed the trial court's decision to grant relief under sec. 806.07, Stats., based on a postjudgment change in the controlling law. In so deciding, however, the court emphasized "the unique circumstances of th[e] case." *Id.,* 153 Wis. 2d at 403, 451 N.W.2d at 412.

Shirley Mullen was injured when her automobile was struck by an auto driven by Scott Coolong. She sued both Coolong and Tracy Strain, another motorist, claiming that the negligence of both caused her injuries. Because Strain was uninsured, Mullen moved for summary judgment against her own liability insurer, Horace Mann Insurance Company, for payment of uninsured motorist benefits up to the limits of her policy. Horace Mann filed a countermotion for summary judgment denying liability on the basis of a "reducing clause" in

the policy.[2] The circuit court granted Mullen's motion and denied Horace Mann's on grounds that applicable statutes rendered the reducing clause unenforceable.

On appeal, we reversed and directed judgment on Horace Mann's motion, holding that neither the statutes nor considerations of public policy prohibit such clauses in insurance policies. *Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986) *(Mullen I).* The supreme court denied Mullen's petition for review on December 2, 1986, and in late March, 1987, Mullen settled her claim with Horace Mann for $500, both parties stipulating to dismissal.

Apparently unbeknown to Mullen, the supreme court had, nearly a year earlier, accepted certification of a case presenting the very same issue—the enforceability of reducing clauses. In May, 1987, the supreme court issued its decision in that case, *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 600, 405 N.W.2d 327, 334–35 (1987), in which it held that the reducing clause was unenforceable and expressly overruled our decision in *Mullen I.*

Learning of *Nicholson,* Mullen moved for relief from the earlier judgment under sec. 806.07, Stats., and the trial court granted the motion. We reversed and the supreme court granted a petition for review. The supreme court, concluding that, on the "unique facts" of the case, the trial court did not abuse its discretion in granting relief from the judgment, reversed our decision. *Mullen II,* 153 Wis. 2d at 403, 451 N.W.2d at 412. Those "unique facts" were explained by the court as follows: "We denied Mullen's petition for review at the same time *Nicholson* was pending before us. Both challenged

---

[2]A reducing clause reduces the benefits to the insured by all amounts the insured receives from other sources as a result of the same incident or occurrence.

the same uninsured motorist reducing clause under the same statute, and both presented the same arguments against it." *Mullen II* at 408, 451 N.W.2d at 415. Noting that Mullen "was essentially 'a victim of circumstances,' " and that the result reached in the case was inequitable to her, the court stated that the "determinative fact" in the case was that it had "denied a petition for review in *Mullen I* at the very same time the issue was before us in *Nicholson.*" *Mullen II* at 408, 451 N.W.2d at 414.

*Harmann* involved an equally unusual set of circumstances. Harmann was injured in an automobile accident and sued the defendant, Cherie Hadley, claiming that she had negligently furnished alcoholic beverages to the other driver—a minor—involved in the accident. The trial court dismissed the claim, ruling that the *consumption* of the alcohol, not the furnishing of it to the driver, was the cause of Harmann's injuries. Harmann filed a petition to bypass the court of appeals, which was denied, and he then pursued his claim in this court. While the appeal was pending, the supreme court issued its decision in *Koback v. Crook,* 123 Wis. 2d 259, 276, 366 N.W.2d 857, 865 (1985), in which it held that social hosts could be held liable for injuries caused by the conduct of minor drivers to whom they had negligently furnished intoxicating beverages.

Because the supreme court declared that *Koback* would be prospective only,[3] we affirmed the judgment dismissing Harmann's cause of action since the allegedly negligent conduct had occurred several years earlier.

---

[3]The court stated "that there shall be liability only for the negligent conduct of a social host who furnishes liquor to a minor when the conduct which causes injury occurs on or after September 1, 1985." *Koback,* 123 Wis. 2d at 277, 366 N.W.2d at 865.

The supreme court granted Harmann's petition for review and reversed, ruling that "the procedural history" of Harmann's action warranted the creation of an exception to the "prospective-only" effect of *Koback* in his case.

> A judgment was filed in the *Harmann* case before one was filed in *Koback,* and the Harmanns filed a petition to bypass the court of appeals five months before the Kobacks did. Although this court's order denying a petition to bypass does not set forth a rationale for the denial, we sometimes deny a petition to bypass because another case raising the same or a similar issue is pending before this court.

*Harmann,* 128 Wis. 2d at 383, 382 N.W.2d at 678. Explaining that a "basic tenet in our judicial system is that individuals similarly situated should be treated similarly," the court concluded that Harmann was entitled to be treated as Koback was because the only difference between the two plaintiffs was the "chance, but determinative, circumstance . . . of the Harmanns' petition to bypass [the court of appeals.]" *Id.,* 128 Wis. 2d at 383-84, 382 N.W.2d at 678-79.

Both *Harmann* and *Mullen II,* insofar as they allow relief from a prior judgment, were unique cases presenting rather exceptional circumstances. We believe there are no such circumstances here.

Unlike *Harmann,* where the supreme court denied Harmann's petition to bypass only a few months before accepting Koback's, and *Mullen I,* where the supreme court had denied the petition for review while the case which eventually overruled *Mullen I* was pending before it, Mosser Lee's petition for review was denied at least two years before the supreme court considered the pollu-

tion exclusion issue in *Just.* Moreover, when Mosser Lee's petition for review of the insurers' dismissal was denied by the supreme court there were no other cases pending before that court on the same or any similar issue. Thus, the circumstances of this case are neither unique nor extraordinary, and we do not see either *Mullen II* or *Harmann* as mandating reversal of the trial court's order in this case, as Mosser Lee argues.

Mosser Lee (and Brown) are faced with circumstances not significantly different from those faced by any litigant whose case has been decided at some past time based on precedent that is later overruled. If this case had been tried with reasonable promptness after the supreme court denied Mosser Lee's petition for review, it would have been just another case where, a few years after the judgment had become final, the supreme court decided a similar case and reached a contrary result. And while any litigant in that position may well see inequity in such a result, the overruling of prior precedent has never been considered grounds for reopening preexisting judgments based in whole or in part on that precedent.

The trial court did not abuse its discretion in refusing to set aside the judgment.

*By the Court.*—Order affirmed.