In re the marriage of:

Shirley Ann Rogahn Wenzel,
Petitioner-Respondent-Cross-Appellant,

v.

Jeffery Thomas Wenzel,
Respondent-Appellant-Cross-Respondent.

Court of Appeals

*No. 2016AP1771. Submitted on briefs September 12, 2017.
—Decided October 24, 2017.*

2017 WI App 75

(Also reported in 904 N.W.2d 384.)

On behalf of the respondent-appellant-cross-respondent, the cause was submitted on the briefs of *Nicholas J. DeStafanis* of *DeStefanis Law Offices*.

On behalf of the petitioner-respondent-cross-appellant, the cause was submitted on the briefs of *Manuel R. Galang*.

Before Brennan, P.J., Kessler and Dugan, JJ.

¶ 1. DUGAN, J. Jeffery Thomas Wenzel appeals from that part of the circuit court's order which denied his motion for relief from judgment based on financial documents turned over to him by his former wife, Shirley Ann Rogahn Wenzel. Shirley also cross-appeals from that part of the circuit court's order which denied her motion for sanctions.[1]

¶ 2. On appeal, Jeffery contends that, in denying the motion for relief from judgment, the postjudgment court erroneously exercised its discretion and erred as a matter of law by creating new requirements for relief. We disagree and, therefore, affirm that portion of the order.

¶ 3. On cross-appeal, Shirley contends that, in denying the motion for sanctions, the postjudgment court applied an incorrect legal standard by applying the test applicable to fees and costs in a divorce action,

---

[1] The Honorable Frederick C. Rosa presided over the divorce proceedings and entered the findings of fact, conclusions of law and judgment of divorce. The Honorable Paul R. Van Grunsven presided over the postjudgment proceedings. We refer to Judge Rosa as the trial court and Judge Van Grunsven as the postjudgment court.

Jeffery's motion sought relief from the judgment on four grounds: (1) the absence from the record of the date by which Shirley was to refinance the real estate awarded in the divorce; (2) amendment of language in the findings of fact, conclusions of law and judgment of divorce entered by the trial court; (3) Shirley's testimony in a small claims action commenced after the entry of the divorce judgment; and (4) financial documents that Shirley turned over to Jeffery after the entry of judgment. The postjudgment court denied the motion in its entirety.

However, Jeffery's appeal is limited to the ruling regarding the financial documents. Jeffery is deemed to have abandoned the other grounds raised by his motion. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

rather than applying the test for sanctions for frivolousness. We agree and, therefore, reverse the order denying Shirley's sanctions motion and remand for further proceedings consistent with our directions.

¶ 4. The following procedural history and facts provide helpful background. The discussion includes additional relevant facts as needed.

## BACKGROUND

¶ 5. The parties had a long-standing relationship that began in 1987. The two began living together in 1989, built a home together in 1990, and resided in that home beginning in 1991. The parties were married on February 10, 2002. Throughout their relationship they maintained one joint checking account. Each of them also had a personal checking account. In April 2013 they separated.

¶ 6. Shirley filed for divorce on April 1, 2014. On the July 2, 2015 trial date, before any evidence was presented, the trial court summarized the posture of the case, explaining that although the parties had attempted to reach a stipulation and agreed on asset value, they were unable to agree on maintenance and property division. The parties agreed that the summary was accurate. The trial court reminded the parties that "the law in this State is very clear that assets acquired during the marriage and before the marriage are a part of the marital estate to be considered for division by the [c]ourt." It noted that there are specific exemptions, including an exemption for gifts, and that a party arguing for an exemption had the burden of proof.

¶ 7. During counsel's opening statements, Shirley stated she wanted a 50/50 split of assets. She noted that Jeffery claimed that certain funds had been

gifted, but she had never received any supporting proof that "these assets were gifted in any way" and that she did not believe that he could meet his burden of proof.

¶ 8. Jeffery stated he wanted to exclude certain funds totaling over $100,000 from the property division asserting that they were nonmarital, claiming that they had been gifted by his parents, were always separate from other assets, and were never drawn on during the marriage.[2]

¶ 9. Prior to taking any testimony, the trial court had the following discussion with counsel regarding Jeffery's claim:

| [Trial Court] | [Shirley's attorney] says she's going to argue that all of the assets are in and should be divided. She says you've offered nothing to her to allow her to determine whether assets have been gifted or inherited and statutorily exempt. Why would we be having that type of an argument today, and why won't they have been provided with that information? |
|---|---|
| [Jeffery's Attorney] | I don't see anything – Judge, again, I came in right before the final pretrial, but I see nothing in the discovery that requested any admissions or anything in terms of discovery regarding if this was gifted or not. |
| [Trial Court] | Okay. But you've – |

---

[2] Jeffery sought to exclude American Fund accounts, the Oak Associates Funds account, the Muhlencamp Fund account, and the Mairs & Power Funds account.

[Jeffery's Attorney] That's –

[Trial Court] – you've got the burden, and why wouldn't you tell them that?

. . . .

[Jeffery's Attorney] In my – in my client's request to admit that was prepared by previous counsel, they asked specific questions specifically asking if they were gifted, and several of these assets, and the answer was denied due to lack of information. So the question was asked, Judge. It's not like this is some new issue.

[Trial Court] Well, but that puts you on notice that they don't know and maybe you should tell them so that we don't have to have this discussion today.

[Jeffery's Attorney] Well –

[Shirley's Attorney] Your Honor, if I could, my request for production of documents requested documentation substantiating that these were gifted. And what I got back was just statements with his name on from the account, nothing proving any gift.

[Trial Court] What have you got other than his word, Counsel?

[Jeffery's Attorney] That's what we have, your Honor.

. . . .

677

| [Trial Court] | Are they deceased? No? Your parents are not, but they're not witnesses today either; right? |
| [Jeffery's Attorney] | No. |
| [Trial Court] | Okay. Well, you've got the burden. |

Shirley and Jeffery then testified.

¶ 10. After the noon break, the trial reconvened and the parties advised the trial court that they had reached a settlement. Counsel for Shirley explained the settlement agreement on the record, which was supplemented by Jeffery and his attorney. The trial court questioned the parties about the voluntariness, and their understanding and acceptance of the settlement agreement, which was a compromise. The trial court then approved the settlement agreement, placed its findings on the record, and granted the judgment of divorce. On July 21, 2015, the trial court issued its written findings of fact, conclusions of law, and judgment.

¶ 11. Jeffery filed a motion for relief from judgment with an affidavit of counsel.[3] He asserted that, subsequent to the entry of the divorce judgment, Shirley had turned over financial records to him that during the pendency of the divorce action she had claimed not to possess, the records were in her sole possession, and such records would have resulted in a

[3] For reasons that are not entirely clear from the record, Jeffery filed the motion and affidavit on December 31, 2015, and again on February 1, 2016. With the exception of the signing and filing dates, the documents filed on the two dates are virtually identical. As previously noted, Jeffery's motion presented four grounds for relief. However, Jeffery's appeal is limited to the determinations regarding the financial documents, and the other grounds are not before this court.

different property division if he had them at the time of trial. Shirley filed a motion to dismiss Jeffery's motion and for sanctions.

¶ 12. The postjudgment court had several hearings where the issues raised by the motions were discussed. Thereafter, the postjudgment court issued an oral ruling denying Jeffery's motion for relief from judgment and Shirley's motion for sanctions. The postjudgment court entered a brief written order denying the motions on July 15, 2016.

¶ 13. This appeal and cross-appeal followed.

## DISCUSSION

¶ 14. We begin by addressing the issues raised by Jeffery. Then, we will address those raised by Shirley.

### The Postjudgment Court's Denial of Jeffery's Motion for Relief from Judgment was not an Erroneous Exercise of Discretion or Legal Error

¶ 15. Jeffery contends that, in denying his motion for relief from judgment pursuant to WIS. STAT. § 806.07(1)(b) and WIS. STAT. § 805.15(3), the postjudgment court erroneously exercised its discretion and erred as a matter of law because it added new requirements to obtain relief.[4] Shirley maintains that the postjudgment court neither abused its discretion nor committed an error of law in denying the motion, and that the court should distinguish between newly discovered and newly obtained evidence.

¶ 16. A family court has authority to modify a property division under WIS. STAT. § 806.07. *See Franke*

---

[4] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

*v. Franke*, 2004 WI 8, ¶ 21, 268 Wis. 2d 360, 674 N.W.2d 832; *Conrad v. Conrad*, 92 Wis. 2d 407, 413, 284 N.W.2d 674 (1979) (holding family court has the power to reopen divorce judgment, including property division under § 806.07, even when based on a stipulation). We review the postjudgment court's decision whether to reopen a judgment "under the standard for discretionary decisions, considering only whether the court reasonably considered the facts of record under the proper legal standard." *See Nelson v. Taff*, 175 Wis. 2d 178, 187, 499 N.W.2d 685 (Ct. App. 1993). Stated somewhat differently, we will not reverse a postjudgment court's discretionary decision "if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion." *See Lee v. GEICO Indem. Co.*, 2009 WI App 168, ¶ 16, 321 Wis. 2d 698, 776 N.W.2d 622.

█

¶ 17. WISCONSIN STAT. § 806.07(1)(b) provides that "[o]n motion and upon such terms as are just, the court . . . may relieve a party or legal representative from a judgment, order or stipulation for the following reasons[,]" including: "(b) [n]ewly-discovered evidence which entitles a party to a new trial under [WIS. STAT. §] 805.15(3)." Section 805.15(3) states as follows:

[A] new trial shall be ordered on the grounds of newly-discovered evidence if the court finds that:

(a) The evidence has come to the moving party's notice after trial; and

(b) The moving party's failure to discover the evidence earlier did not arise from lack of diligence in seeking to discover it; and

(c) The evidence is material and not cumulative; and

(d) The new evidence would probably change the result.

The factors are phrased in the conjunctive. A party has to establish all four factors. *Kocinski v. Home Ins. Co.*, 147 Wis. 2d 728, 743, 433 N.W.2d 654 (Ct. App. 1988), *modified on other grounds,* 154 Wis. 2d 56, 452 N.W.2d 360 (1990).

### *Jeffery was not Diligent in Seeking the Records*

¶ 18. Here, the postjudgment court outlined the legal criteria applicable to newly discovered evidence. The postjudgment court stated that, based on its review of the record, it did not see anything in Jeffery's discovery requests putting Shirley on notice that the box full of account documents were in plain view, should have been disclosed, or turned over to Jeffery. In essence, the postjudgment court found that Jeffery was not diligent in seeking the documents. This finding is supported by Jeffery's June 2016 letter brief, wherein he conceded that "the documents found after the trial were not specifically requested by [Jeffery] in his [r]equests for [p]roduction of [d]ocuments."

¶ 19. Even so, Jeffery argues that he discovered the evidence after trial and he tried to get the documents from Shirley. He also argues that his failure to discover the evidence earlier did not arise from lack of diligence. While this is Jeffery's position, the postjudgment court did not agree and its conclusions will not be disturbed because that court reasonably considered the facts in the record under the proper legal standard. *See Nelson*, 175 Wis. 2d at 187.

### *The Evidence was Not Material*

¶ 20. Jeffery also states that the postjudgment court did not specifically address whether the newly

discovered evidence was material or cumulative. While the postjudgment court did not expressly state that the evidence was not material, it further reasoned that the problem with Jeffery's argument was that, even if the account statements were available at the time of trial and had been made available to Jeffery, "on the day of trial there was no one that Jeffery was prepared to call to demonstrate that any of these [monies] in these accounts was gifted to Jeffery by his parents."

¶ 21. The postjudgment court stated that the issue of the account statements being found in a box in plain view was "nothing more than smoke and mirrors . . . . What [Jeffery] was lacking and unable to prove at the time of trial was that the money that was in those accounts was allegedly gifted to him by his parents." The postjudgment court emphasized "[i]t's not the amount of money in the accounts that was the issue at trial. It was Jeffery's ability to prove that the money in those accounts was in fact gifted to him by his parents and he was unable to do so on the day of trial. [The trial court] even called him out on that." We interpret the postjudgment court's decision as finding that the account records were not material because Jeffery's problem at trial was his inability to prove that the funds had been gifted, and the account records did not remedy that proof problem. *See Brandt v. Brandt*, 145 Wis. 2d 394, 408–09, 427 N.W.2d 126 (Ct. App. 1988) (establishing gifted property requires proof of (1) the gifted status of the property and (2) preservation of the character and identity of such property).

¶ 22. The postjudgment court's findings and conclusions are supported by the record. Such support is exemplified by the excerpt of the trial court's lengthy discussion regarding evidence of a gift in the background section of this opinion. The postjudgment

682

court's findings and conclusions with respect to Jeffery's lack of diligence and the fact that the records were not material are the basis for this court to uphold the denial of Jeffery's motion to reopen under WIS. STAT. § 806.07(1)(b), since all four factors listed under WIS. STAT. § 805.15(3) must be satisfied. *See Kocinski*, 147 Wis. 2d at 743.

*The Postjudgment Court did not Create a New Burden*

██

¶ 23. Jeffery further asserts that the postjudgment court created a new burden by requiring that he show that Shirley withheld evidence or did not respond to evidence requests in good faith, quoting the following statements:

> [t]he larger issue is, . . . what effect, if these had been turned over it would have had on the ultimate result of the trial. Because to [reopen] not only requires a showing of mistake, inadvertence or excusable neglect, but also demonstration that there is a meritorious claim or defense.

> . . . .

> He had his opportunity at trial. He was not prepared to present his evidence. Nothing has changed.

> For that reason, I don't think this case defines this issue and the record before me doesn't establish the good cause needed under the motion to [reopen] statute to find any mistake, inadvertence, surprise, or [excusable] neglect."

Assuming for the sake of argument that Jeffery is correct, such an error would be inconsequential since the failure to establish even one factor to establish "newly discovered evidence" provides the basis to up-

hold the denial of his motion. *See Kocinski*, 147 Wis. 2d at 743. Here, Jeffery failed to establish two factors: (1) diligence; and (2) materiality.

¶ 24. Additionally, review of Jeffery's moving papers discloses that they may have engendered the very language that he states created a new burden. Jeffery states that he brought the motion for relief from judgment pursuant to Wis. Stat. § 806.07(1)(b) and Wis. Stat. § 805.15(3). However, the record discloses that, at best, Jeffery has over-simplified. Rather, Jeffery's motion and later papers varied with respect to the statutory provisions cited as a basis for relief.

¶ 25. Jeffery's motion cited Wis. Stat. § 806.07(1) without specifying any subpart, used the phrase "excusable neglect," and was not limited to invoking the newly discovered evidence provision.[5] Jeffery later filed a supporting memorandum that cited § 806.07

---

[5] Wisconsin Stat. § 806.07(1) provides as follows:

On motion and upon such terms as are just, the court, . . ., may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

and subsection (1), § 806.07(1)(b), and WIS. STAT. § 805.15(3). His subsequent letter brief adds a citation to § 806.07(1)(h), which affords recourse for "[a]ny other reasons justifying relief from the operation of the judgment," to the previously cited §§ 806.07(1)(b) and 805.15(3). The letter brief also states that to prevail on a motion for reconsideration, a party must present either newly discovered evidence or establish a manifest error of law or fact, citing *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, 275 Wis. 2d 397, 685 N.W.2d 853. In short, Jeffery invoked multiple and varied statutory and legal standards.

¶ 26. Thus, Jeffery's contention that the postjudgment court created new requirements for relief also lacks reasonable support in the record. Given the lack of specificity in Jeffery's moving papers and the multiple grounds he invoked, the postjudgment court's decision is reasonably interpreted as attempting to touch on the alternative bases for relief from judgment arguably relied upon by Jeffery. Within the context of the postjudgment court's decision as a whole, we conclude the postjudgment court did not create a new burden, but instead, attempted to address the myriad of legal theories proffered by Jeffery.

¶ 27. In sum, we conclude that the postjudgment court's denial of Jeffery's motion for relief from judgment was not an erroneous exercise of discretion or legal error.

### The Postjudgment Court Failed to Apply the Proper Standard of Law to Shirley's Motion for Sanctions

¶ 28. Shirley maintains that the postjudgment court applied the incorrect legal standard in denying

her motion for sanctions because it applied the test applicable to requested contribution to attorney fees and costs in a divorce action, rather than the test applicable to the relief she sought under Wis. Stat. § 802.05(2) and (3). While Jeffery does not directly respond to this argument, he states that "the [postjudgment court] denied her motion for other reasons" and that this court should affirm the denial of sanctions because Shirley did not follow the statutory procedure for sanctions motions under § 802.05(2) and (3).

¶ 29. Wisconsin Stat. § 767.201 provides as follows: "**Civil procedure generally governs.** Except as otherwise provided in the statutes, [Wis. Stat.] chs. 801 to 847 govern procedure and practice in an action affecting the family." Chapters 801 to 847 constitute the Wisconsin Rules of Civil Procedure. Wisconsin Stat. § 802.05(3) of those Rules provides for sanctions based upon a violation of § 802.05(2). A party may seek such sanctions by motion.

¶ 30. We find that Wis. Stat. ch. 767 does not prohibit civil sanctions for frivolous proceedings under Wis. Stat. § 802.05. Therefore, Shirley's motion for sanctions under § 802.05(2) and (3) is governed by civil procedure because ch. 767 does not preclude such motions.

¶ 31. As stated by Shirley and indirectly conceded by Jeffery, the postjudgment court applied the wrong legal standard to Shirley's motion. The caption and body of Shirley's motion sought sanctions and actual attorney's fees pursuant to Wis. Stat. § 802.05(2) and (3), and was accompanied by an affidavit of counsel that included the statement that "upon information and belief, [Jeffery's] motion [to reopen] is without any

legal basis, and serves only to harass [Shirley] and cause her additional attorney fees." Subsequently, Shirley filed a supporting brief setting forth the text of § 802.05(1) through (3).

¶ 32. This court will uphold a discretionary decision regarding frivolousness "if [the postjudgment court] examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *See Jandrt v. Jerome Foods, Inc.*, 227 Wis. 2d 531, 549, 597 N.W.2d 744 (1999). In addressing Shirley's motion, the postjudgment court relied on *Holbrook v. Holbrook*, 103 Wis. 2d 327, 343, 309 N.W.2d 343 (Ct. App. 1981), which requires several factual determinations be made before a court awards attorney fees in a divorce action.[6] Here, we cannot sustain the postjudgment court's ruling because it failed to apply the proper standard of law, such as *Jandrt*, 227 Wis. 2d at 549–51, to analyze Shirley's sanctions motion. Therefore, we must reverse that part of the postjudgment court's order denying Shirley's motion for sanctions and remand for consideration of that motion under the correct legal standard.

## CONCLUSION

¶ 33. With respect to Jeffery's appeal, we conclude that the postjudgment court did not erroneously

---

[6] Before awarding attorney fees in a divorce action a court is required to make the following factual determinations: (1) "the spouse receiving the award needs the contribution"; (2) "the spouse ordered to pay has the ability to do so"; and, (3) "the total fee is reasonable (this provides guidance in determining what is a reasonable contribution)." *Holbrook v. Holbrook*, 103 Wis. 2d 327, 343, 309 N.W.2d 343 (Ct. App. 1981).

exercise its discretion or err in its interpretation of the law pertaining to Jeffery's motion for relief from judgment and, therefore, affirm that part of the postjudgment court's order. However, with respect to Shirley's cross-appeal, we conclude that the postjudgment court erred as a matter of law because it did not apply the legal standards applicable to motions for sanctions based on frivolousness. Therefore, we reverse and remand that part of the postjudgment court's order denying Shirley's motion for sanctions for further proceedings applying the proper legal standard.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.