# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

### NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP168**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV1046

IN COURT OF APPEALS
DISTRICT II

MARK KOLODZINSKI AND SONDA KOLODZINSKI,

PLAINTIFFS-RESPONDENTS,

V.

CARLOS ALBELO AND TAMMY ALBELO,

DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Carlos and Tammy Albelo appeal from a judgment entered on jury verdict in favor of Mark and Sonda Kolodzinski.  The Albelos argue that they have newly discovered evidence that would probably change the result at trial.  The Albelos also argue that the evidence was insufficient to support the jury's damages awards.  We reject both arguments and affirm.

## BACKGROUND

¶2     The Kolodzinskis sued the Albelos after discovering water infiltration in the basement of a home that they purchased from the Albelos.  The Albelos lived in the home for fourteen years prior to the sale in June 2019 but did not disclose any defects involving water intrusion in the basement.  On September 13, 2019, the Kolodzinskis determined that water was entering the basement through windows on the east, north and south.  The Kolodzinskis hired John Grotzinger from Driven Construction Services to evaluate the cause of the water intrusion and to make repairs.  Grotzinger's initial set of repairs cost $15,425 but did not fix the water problems.  Grotzinger estimated that a complete excavation and waterproofing would cost $49,500.

¶3     The Kolodzinskis filed a complaint against the Albelos on May 21, 2020, alleging breach of contract, unfair practices in violation of WIS. STAT. § 100.18 (2017-18), intentional misrepresentation, and misrepresentation in violation of WIS. STAT. §§ 895.446 and 943.20(1)(d) (2017-18).  At trial, the Kolodzinskis presented evidence that Carlos Albelo served as the general contractor for the home's construction and had personally constructed the basement foundation.  A neighbor of the Albelos testified that the Albelos were aware of previous water problems with the basement.

¶4 Grotzinger provided expert testimony that the water intrusion was a result of bad flashing and shoddy workmanship, including missing tarring, missing mortar, joints that were not filled, and a lack of clear stone around the foundation. A second expert for the Kolodzinskis, James Jendusa, testified that there were indications of high groundwater on the property and that the grading of the property did not allow water to flow properly around the house. Jendusa further testified that the water intrusion was a result of inadequate damp proofing, including rigid insulation boards and gaps in the foundation. Jendusa also testified that he observed evidence of caulking in the gaps, which indicated prior issues with water seepage. In addition, Jendusa observed spray foam insulation on the block walls of the basement, which was an uncommon method of basement insulation that could be used to prevent moisture from being detected.

¶5 The jury found in favor of the Kolodzinskis on all five claims, with two jurors dissenting. The jury awarded $7,000 for past repairs and $26,000 for future repairs. The jury declined to impose exemplary damages.

¶6 The Albelos filed a postverdict motion, arguing that they had newly discovered evidence that warranted a new trial under WIS. STAT. § 805.15(3) (2019-20)[1] and that they were entitled to a new trial under § 805.15(1) because the evidence at trial was insufficient to support the jury's damages award. The circuit court denied the Albelos' motion during the motion hearing and ordered that judgment be entered on the jury verdict, plus attorney's fees and costs. On

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

December 15, 2022, judgment was entered in the amount of $111,825.12. The Albelos now appeal.

## DISCUSSION

### 1. Newly Discovered Evidence

¶7    The Albelos contend that the circuit court erred in denying their motion for a new trial based on newly discovered evidence. Specifically, the Albelos learned after trial that Rion Waterproofing, LLC had performed excavation work on the egress window on the south wall of the basement prior to the water intrusion event in September 2019. The Kolodzinskis failed to disclose Rion Waterproofing's work during discovery, even though this information was responsive to the Albelos' interrogatories, requests for production, and deposition questions.

¶8    Under WIS. STAT. § 805.15, a new trial may be ordered based on newly discovered evidence if the court makes four findings:

> (a) The evidence has come to the moving party's notice after trial; and
>
> (b) The moving party's failure to discover the evidence earlier did not arise from lack of diligence in seeking to discover it; and
>
> (c) The evidence is material and not cumulative; and
>
> (d) The new evidence would probably change the result.

Sec. 805.15(3). All four elements must be satisfied in order for the court to grant the motion for a new trial. *See **Wenzel v. Wenzel***, 2017 WI App 75, ¶17, 378 Wis. 2d 670, 904 N.W.2d 384. "The burden of establishing these elements lies

with the party seeking relief." ***Kocinski v. Home Ins. Co.***, 147 Wis. 2d 728, 743, 433 N.W.2d 654 (Ct. App. 1988).

¶9      The circuit court found that elements (a) and (b) were satisfied. Regarding element (c), the court explained that the evidence "could be material if there's a connection between the area of the work … and … an area of the water intrusion into the basement." Based on the fact that neither the south window nor the area near it was "the focal point" of any expert testimony regarding the cause of the water intrusion, the court determined that the evidence was not material.

¶10      Regarding element (d), the court concluded that the new evidence would not change the result. The court explained that the reasons for the water intrusion that the experts had identified—including the lack of damp proofing, grading issues, and high water—were "not germane to the south egress window." Moreover, the evidence established that there was seepage on the north, south, and east walls. The court determined that there was no basis for concluding that the south egress window caused the water issues experienced throughout the basement.

¶11      New trial motions that are based on newly discovered evidence "are not received favorably and are entertained with great caution." ***Erickson v. Clifton***, 265 Wis. 236, 240, 61 N.W.2d 329 (1953). We review the circuit court's decision to deny a new trial for erroneous exercise of discretion. *See **Brown v. Mosser Lee Co.***, 164 Wis. 2d 612, 616-17, 476 N.W.2d 294 (Ct. App. 1991). A discretionary decision involves "a process of reasoning which depends on facts that are in the record or are reasonably derived by inference from the record and yields a conclusion based on logic and founded on proper legal standards." ***State ex rel. Cynthia M.S. v. Michael F.C.***, 181 Wis. 2d 618, 624, 511 N.W.2d 868

(1994). "Where the court has undertaken 'a reasonable inquiry and examination of the facts as the basis of its decision' and has made a 'reasoned application of the appropriate legal standard to the relevant facts in the case,' it has properly exercised its discretion." **Brown**, 164 Wis. 2d at 617. Reversal is not warranted "unless it is manifest that the discretion has been improperly exercised." **Erickson**, 265 Wis. at 240.

¶12 The Albelos make three sets of arguments that the circuit court erroneously exercised its discretion in denying their motion for a new trial under WIS. STAT. § 805.15(3). First, the Albelos contend that the court misconstrued the record when it stated that it did "not recall any testimony that the windows themselves were defective and that the windows were leaking somehow through the glass or through caulking." The Albelos argue that the court's recollection is flawed, based on Grotzinger's testimony regarding his observations while repairing a collapsed window well.

¶13 In the portion of the trial transcript cited by the Albelos, Grotzinger testified that the reason a particular window well failed was "because there was just dirt back -- you know, it should have been a clear stone or something with a lot less ground pressure to it." The cited testimony does not establish that the windows themselves were defective or that the windows were leaking through the glass or caulking, so this testimony does not give us any basis for questioning the accuracy of the court's recollection. Moreover, the Albelos have not directed us to anything in the record that would indicate that Grotzinger was testifying about the south egress window. Instead, they direct us to Grotzinger's report, which indicates that Grotzinger observed problems with more than one window. For example, Grotzinger's report states that he observed "un flashed windows that [were] allowing water to pour in," and that the "egress wells were poorly installed

and caving in from the dirt backfill instead of clear stone like the manufacturer and uniform dwelling code require." The record therefore establishes that there were problems with multiple windows, which supports the circuit court's determination that the new evidence regarding Rion Waterproofing's work on a single window would not have changed the result.

¶14 The Albelos also point to inconsistencies in the testimony about whether there were problems with the grading of the property. John Rocco, who inspected the property prior to Rion Waterproofing's work, testified that he did not see any grading issues. In contrast, the Albelos argue that Grotzinger identified issues with the grading on the south side of the property after Rion Waterproofing's work. The Albelos contend that "[i]t is pertinent to know whether the activities of Rion Waterproofing … changed the pitch in this area."

¶15 We have reviewed the portion of Grotzinger's testimony cited by the Albelos, and it does not indicate whether Grotzinger was referring to the grading on the south side of the property. Jendusa's report, however, referred to poor grading along the east wall of the home. We therefore see no basis for the Albelos' speculation that Rion Waterproofing's work on the south egress window might be pertinent to the grading problems identified by the experts. Unsupported speculation that Rion Waterproof might have pertinent information is not sufficient to satisfy the Albelos' burden to establish that "[t]he new evidence would probably change the result." WIS. STAT. § 805.15(3)(d).

¶16 The Albelos' second argument is that the circuit court did not consider the effect of the newly discovered evidence on the Kolodzinskis' credibility. Specifically, the Kolodzinskis failed to disclose Rion Waterproofing's involvement during discovery, even though they were asked to identify anyone

who performed post-sale changes to the home and also failed to produce Rion Waterproofing's bid and invoice in response to a request for production. Moreover, Sonda Kolodzinski testified in deposition that the only work performed before the water intrusion event in September 2019 was a chimney cleaning.[2] Finally, although both Kolodzinskis signed the discovery responses, Sonda Kolodzinski later signed an affidavit stating that she prepared the interrogatory responses.

¶17 Based on these inaccurate or incomplete discovery responses, the Albelos argue that they could have used the newly discovered evidence to convince the jury that neither of the Kolodzinskis was credible, and that this potential impeachment evidence constitutes grounds for new trial. *See State v. Plude*, 2008 WI 58, ¶47, 310 Wis. 2d 28, 750 N.W.2d 42 ("newly discovered evidence impeaching in character might be produced so strong as to constitute ground for a new trial; *as for example where it is shown that the verdict is based on perjured evidence*") (quoting *Birdsall v. Fraenzel*, 154 Wis. 48, 52, 142 N.W. 274 (1913) (emphasis in original)).

¶18 The Kolodzinskis characterize their failure to disclose Rion Waterproofing as a minor mistake, which arose from Sonda Kolodzinski's assumption that Grotzinger had performed all of the window work. The Kolodzinskis also point to evidence that the Albelos knew that the south window well needed repair at the time of the sale. We agree with the Kolodzinskis that the

---

[2] The Albelos also contend that Mark Kolodzinski "made no mention of" Rion Waterproofing's work during his deposition. The cited pages of the deposition transcript contain confusing questions and insufficient follow-up on the answers provided. We see no basis for concluding that Mark Kolodzinski intentionally withheld information about Rion Waterproofing during his deposition.

nondisclosure of Rion Waterproofing's involvement does not rise to the level of impeaching evidence that would establish that the verdict is based on perjury. *See* ***Plude***, 310 Wis. 2d 28, ¶47.

¶19 Our conclusion is supported by the fact that there was ample evidence from other witnesses that the Albelos knew or should have known about the defects but failed to disclose them. In particular, the Albelos' neighbor testified to several key facts that supported the jury's verdict, including her recollection that Carlos performed general contracting work for the property; that the Albelos were experiencing water issues that delayed the completion of their basement; that large amounts of water regularly flowed from the Albelos' property after the construction of the basement; and that the Albelos made two or three different attempts to regrade the property in order to redirect the flow of the water away from the property.

¶20 In addition to this testimony from the Albelos' neighbor, Jendusa testified that he observed caulking in the joints of concrete blocks, which indicated prior issues with water seepage. Jendusa also observed spray foam insulation, which he described as an uncommon method of insulating a basement and possibly an effort to conceal moisture problems. The jury also heard that all of the Albelos' windows had been opened for the home inspection, despite freezing temperatures. Rocco testified that the opened windows struck him as "unusual" and may possibly have been an attempt to mask a musty smell. Given the range of evidence that the Albelos were aware of water problems in the basement and tried to conceal them, we cannot conclude that using the newly discovered evidence to try to impeach the Kolodzinskis "would probably change the result." WIS. STAT. § 805.15(3)(d).

¶21    The Albelos' final argument for a new trial based on newly discovered evidence is that the experts did not have the opportunity to consider whether Rion Waterproofing may have played a role in causing the September 2019 water intrusion.  The Albelos focus on Sonda Kolodzinski's deposition testimony that she noticed the sump pump running frequently shortly after the Kolodzinskis moved in, together with Grotzinger's testimony that he found a loose connection in a drainage pipe on the property that may have caused the sump pump to run continuously.  The Albelos argue that they should have had the opportunity to ask Grotzinger whether Rion Waterproofing's work could have caused these problems.

¶22    Once again, the portions of Grotzinger's testimony cited by the Albelos do not address whether the drainage pipe was on the south side of the property, so we cannot evaluate whether the Albelos' speculation has any basis in the record.  At any rate, the possibility that Rion Waterproofing may have loosened a pipe is insignificant in view of all of the other issues identified by Grotzinger and Jendusa, together with the evidence that the Albelos had experienced water issues in the basement prior to the sale of the property.

¶23    We therefore conclude that the circuit court did not erroneously exercise its discretion in determining that the Albelos did not satisfy their burden of establishing that the newly discovered evidence "would probably change the result."  WIS. STAT. § 805.15(3)(d).  Because the failure of this element is determinative, *see Wenzel*, 378 Wis. 2d 670, ¶17, we need not address the parties' arguments regarding the remaining elements of § 805.15(3).

## 2. Sufficiency of the evidence

¶24     The Albelos' second ground for seeking a new trial is that the evidence was insufficient to support the jury's damage award.  The jury awarded the Kolodzinskis $7,000 for past repairs and $26,000 for future repairs.  Because there was no evidence to support these specific dollar amounts, the Albelos moved for a new trial on the ground that "the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages."  WIS. STAT. § 805.15(1).  The circuit court rejected this argument, explaining that the jury's award was "quite conservative" but nonetheless a proper award in view of the evidence presented.

¶25     We review the circuit court's decision to sustain the jury verdict for erroneous exercise of discretion.  *See **Ballard v. Lumbermens Mut. Cas. Co.***, 33 Wis. 2d 601, 606, 148 N.W.2d 65 (1967).  Our supreme court has explained that because its "determination is relatively contemporaneous with the trial and the verdict of the jury … [the circuit court] is far better able than we are to analyze the evidence and to make an appraisal of the reasonableness of damages." ***Id.***

¶26     The Albelos argue that the only evidence presented regarding past repairs was Sonda Kolodzinski's testimony that the Kolodzinskis paid $15,425 for Grotzinger's initial repairs, and that these repairs covered approximately one-third of the basement.  Regarding future repairs, Sonda Kolodzinski and Jendusa both testified to Grotzinger's estimate that future repairs would total $49,500.  Jendusa also listed all of the work that Grotzinger was planning to perform and testified that it was consistent with his recommendations, with the possible exception of some of the proposed grading work.  The Albelos argue that this evidence did not satisfy the Kolodzinskis' burden to introduce sufficient data from which the jury

can properly estimate the damages amount. *See* ***Krcmar v. Wisconsin River Power Co.***, 270 Wis. 640, 646, 72 N.W.2d 328 (1955) ("Damages should be proved by statements of facts rather than by the mere conclusions of witnesses.").

¶27    The circuit court rejected the Albelos' argument, explaining that a jury's damages award will stand unless there is no credible evidence to support it. *See* ***Ballard***, 33 Wis. 2d at 607. The court determined that the Kolodzinskis presented sufficient evidence to establish the dollar amount of the past and future repairs recommended by Grotzinger. Regarding the differences between the amounts that the Kolodzinskis established and the jury's ultimate damages awards, the court explained that there were many reasons why the jury might have rejected aspects of the past and future repairs as unnecessary.

¶28    The Albelos argue that the circuit court's explanation for the jury's lower award is erroneous because "there was nothing to pick and choose from." This contention is baseless because the limited testimony cited by the Albelos identifies the steps that Grotzinger had taken, as well as the steps that he planned to take in order to fix the water intrusion issues. As the circuit court explained, the jury may have used its "common sense and every day experience" to conclude that some of these steps were not necessary to fix the water intrusion problems.

¶29    The Albelos further argue that the evidence was not sufficient for the jury to determine damages with reasonable certainty, as it was instructed to do. Accordingly, they contend that the verdict was perverse. *See* ***Redepenning v. Dore***, 56 Wis. 2d 129, 134, 201 N.W.2d 580 (1972) ("A verdict is perverse when the jury clearly refuses to follow the direction or instruction of the [circuit] court upon a point of law, or where the verdict reflects highly emotional, inflammatory

or immaterial considerations, or an obvious prejudgment with no attempt to be fair.").

¶30    "The amount of damages awarded is a matter resting largely in the jury's discretion." *See Weber v. Chicago & Nw. Transp. Co.*, 191 Wis. 2d 626, 635, 530 N.W.2d 25 (Ct. App. 1995).  The Albelos have not cited any authority that would cast doubt on a jury's decision to award a smaller amount of damages than the plaintiff requested at trial.  To the contrary, we have previously held that "a jury certainly may conclude that damages are not as great as stated by an expert witness." *Id.*  We therefore see no basis for concluding that a total damages award of $33,000 for past and future repairs could be deemed perverse in the face of evidence that could support an award of more than $64,000.  Instead, we agree with the circuit court that the jury exercised its common sense and every day experience in reaching its damages award, as it was instructed to do.

## CONCLUSION

¶31    For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion in denying the Albelos' motion for a new trial based on newly discovered evidence or based on the amount of the jury's damages award.  We therefore affirm the circuit court's judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.